### In re TATEM et al.

(District Court, E. D. North Carolina. September 1, 1901.)

BANKRUPTCY—SECURITY OF CREDITOR—FAILURE TO RECORD.

As against the creditors of a bankrupt, one who had sold to him a chattel by contract providing that title shall remain in the seller till purchase price is paid cannot claim a lien, the contract not having been registered, as required by Laws N. C. 1883, c. 342; Code, § 1275.

In Bankruptcy.

P. H. Williams, for petitioners.

J. H. Sawyer, for respondents.

PURNELL, District Judge. In January, 1901, Tatem, Mann & Co. purchased of the R. L. Barnes Safe & Lock Company a safe, for which the several notes filed, with others paid, were executed. In the notes it is provided that the ownership and title to said safe remains in the said R. L. Barnes Safe & Lock Company, or their order, "until this note is paid," and the benefit of homestead exemption is waived. Neither the notes nor contract are registered. On July 3, 1901, Tatem, Mann & Co. made an assignment, including therein the safe in question, for which act of bankruptcy the firm was, on the 10th of August, adjudged bankrupt. The safe and lock company now claim a lien on this safe by virtue of the contract above referred to. The most favorable construction of the contract is that it is a conditional sale of personal property, in which the title is retained by the bargainor, and the laws of North Carolina (Act 1883, c. 342; Code, § 1275) provide such contracts must be regis-

·tered in the same manner, and with the same legal effect, as is pro-
·vided for chattel mortgages. The supreme court of the state has
·construed this statute in numerous cases, and the law is, or ought
to be, well understood by all, laymen as well as lawyers. Its pur-
pose, among others, was to prevent contracts of this nature being
sprung on creditors, who after a careful examination of the records,
gave credit to persons against whom nothing appeared; to some
extent, as regards personal property, to prevent secret parol trusts.
·Agents selling safes, sewing machines, organs, and other articles
generally understand the law, and when they do not it is their fault,
and their principal suffers loss. Other states have similar laws, and
it is not peculiar to North Carolina. ·As between the parties the
·contract would be valid, but where other interests have intervened
it is not valid. ·In this cause there has been an assignment, and an
adjudication in bankruptcy, and the lien of the conditional sale could
not be effective against other creditors; certainly not in a court of
bankruptcy. The lock and safe company cannot, therefore, prove
their claim as a secured creditor. Their lien is not valid as against
other creditors of the bankrupt. If it is desired to prove the claim
as an unsecured one, any payment made within four months of the
adjudication is a preference, and must, under Pirie v. Trust Co., 182
U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, 3 Nat. Bankr. N. 566, be re-
funded, before such claim can·be proved. The safe should be re-
tained by the trustee, and sold for the benefit of the estate in bank-
ruptcy. Claimants have no lien thereon.