## In re GEHRIS–HERBINE CO.

(District Court, E. D. Pennsylvania.　July 1, 1911.)

### No. 3,844.

1. BANKRUPTCY (§ 140*)—CONDITIONAL SALE—VALIDITY—WHAT LAW GOVERNS.

　　Where a bankrupt in operating a knitting mill in Pennsylvania purchased certain knitting machines from claimant, a Rhode Island corporation, pursuant to a contract of conditional sale in the form of a lease reserving title in claimant until the machines were paid for, whether such contract, though made in Rhode Island, was valid as against the bankrupt's trustee, was to be determined by the law of Pennsylvania.

　　[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig: § 140.*]

2. BANKRUPTCY (§ 140*)—PROPERTY VESTING IN TRUSTEE—CONDITIONAL SALE OR BAILMENT—CONSTRUCTION OF CONTRACT.

　　A bankrupt operated a knitting mill in Pennsylvania, and for this purpose purchased certain knitting machines from claimant, to be paid for one-third cash 30 days from date of shipment, and the balance in three notes payable three, six, and nine months from date at 6 per cent. Prior to the delivery of the machines, the bankrupt executed an agreement in the form of a lease, reciting that it had leased the machines from claimant and agreed to pay for the use and rental of the machines $1,963.20, $654.40 in cash, and the balance in subsequent installments. It also agreed to keep the machines insured for claimant's benefit, and not to remove or suffer them to be attached, mortgaged, or damaged, and, in case they were, the bankrupt should forfeit all rights to the machines and to the further use and possession thereof with the right to the claimant to enter the premises and remove the machines on default. Nothing was ever paid on the machines, and the bankrupt did not keep them insured. Hearing that the bankrupt was in failing circumstances, claim-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant procured a declaration from it that the machines should remain temporarily in storage on the bankrupt's premises as the seller's property. *Held*, that such arrangement constituted a conditional sale and not a bailment of the machines which under the Pennsylvania law was invalid as against execution creditors of the buyer and was therefore invalid as against the bankrupt's trustee under Bankruptcy Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840, giving to the trustee all rights, remedies, and powers of a judgment creditor holding an execution returned unsatisfied.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Gehris-Herbine Company. On certificate of referee for review of an order denying petition to reclaim property. Affirmed.

John H. Bridenbaugh, for trustee.
Isaac Hiester, for Jenckes Knitting Machine Co.

J. B. McPHERSON, District Judge. [1] The petition and adjudication in this case were filed and entered in September, 1910, and therefore the right of the trustee to the property now in question is governed by section 8 of the amending act of June 25, 1910 (chapter 412, 36 Stat. 840), which provides that:

"Trustees * * * as to all property not in the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

Decisions holding that a trustee has no other right than belonged to the bankrupt are no longer controlling. It seems also to be conceded by the claimant, the Jenckes Knitting Machine Company, that, although the contract may have been made in Rhode Island, the right of the trustee is to be tested by the law of Pennsylvania.

[2] Tested therefore by that law, what is the true character of the contract in question? Is it a bailment, or a conditional sale? If it is really and in good faith a bailment, it is valid not only between the parties but against creditors also; for a man does not lose the title to his property by hiring it to another, although he may have parted with the possession and the other may have acquired it. But, if he has really sold it and has also parted with the possession, he will find in numerous jurisdictions—in Pennsylvania, for example—that he cannot enforce against execution creditors a condition that he is to retain the title until the price is paid. These rules are too well known to need the support of citation. The facts of the present case, as set forth in the careful report of the learned referee, are in substance as follows:

The bankrupt manufactured hosiery in Reading, Pa., and the claimant manufactures knitting machines in Pawtucket, R. I. In March, 1910, the claimant's Pennsylvania agent visited Reading in the effort to sell machines. The best terms the bankrupt would offer were one-third cash in 30 days from shipment, and two-thirds in notes at three, six, and nine months, respectively. The agent and the bankrupt agreed upon these terms, but the bankrupt also agreed to sign the contract hereinafter set forth, of which a copy was then

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shown and read. Thereupon two orders were signed by the bankrupt; one being as follows:

Jenckes Knitting Machine Co., Pawtucket, R. I.

Reading, March 24, 1910.

Order No. 226.
For Gehris-Herbine Co.
City, Reading, Pa.......Street, Pearl & Kerper.
State, Penna.
Ship via Reading Ry.
No. Machines, 10.
(Then follows technical description of machines.)
Price, $160.00   F. O. B. Pawtucket, R. I.
Terms, ⅓ Cash 30 days from date of shipment.
Balance in 3 notes, 3–6–9–month notes.
Date, from date of shipment at 6%. '
Deliveries, as soon as possible on receipt of this order.
Remarks: Want these machines as soon as possible to go in the new mill and will pay $30.00 additional for 3–C attachment if perfected, &c.

[Signed] The Gehris-Herbine Co.,<br>L. Howard Gehris, Sec. & Treas.

The claimant acknowledged receipt of these orders in the following letter:

Pawtucket, R. I., March 29, 1910.

Gehris-Herbine Co., 45 Reed St., Reading, Pa.—Gentlemen:

We beg to acknowledge receipt through our Mr. Morningstar of your order for machinery, and have entered same for ten 200 needle 3½ Invincible Machines, &c., at $150.00 each, and ten 220 needle 3½ Invincible Machines, &c., at $181.50 each, f. o. b. Pawtucket; terms, one-third cash 30 days from date of shipment, balance in three equal notes of three, six, and nine months from date of shipment, to bear interest at 6%.

These machines to be on our lease plan.

We thank you for the order and will do all we can to hurry the machines along to you.

Very truly yours,                    Jenckes Knitting Mach. Co.

The machines were shipped in May and June, 1910, but were not put to use until the notes and two agreements or leases were signed. A sample note is as follows:

$436.25                                        Reading, Pa., May 28, 1910.

For value received, without defalcation three months after date we promise to pay to the order of the Jenckes Knitting Machine Co., four hundred and thirty-six and $25/100$ dollars.

The consideration of this and other notes is the rent of the following described Invincible Knitting Machines, 7519–7528, 7114–7115, which we have received and hired of the Jenckes Knitting Machine Co., who shall have the right in case of nonpayment at maturity of any of said notes, without process' of law, to enter and retake, and may enter and retake immediate possession of the said property wherever it may be, and remove the same. Reference being made for details to the lease by the Jenckes Knitting Machine Co. to us of said machines.

Payable at R. I. Hospital Trust Co., Providence, R. I.
Due with int. at 6%.                    The Gehris-Herbine Co., Inc.
Chas. W. Herbine, President.<br>L. Howard Gehris, Treasurer.

At the same time the following agreement was signed (the other being of similar tenor):

This is to certify that the Gehris-Herbine Co. of Reading, Pennsylvania, has this day hired and received of the Jenckes Knitting Machine Company,

a corporation duly incorporated under the laws of the state of Rhode Island, and located and doing business in the city of Pawtucket, county of Providence in said state, twelve Invincible Automatic Knitting Machines Nos. 7519–7528, 7114–7115 valued at nineteen hundred sixty-three & $^{20}/_{100}$ dollars ($1,963.20) delivered by said Jenckes Knitting Machine Company to said the Gehris-Herbine Co., f. o. b. at said Pawtucket; said machines to be used at their mill in Reading, county of Berks, state of Penna., and not to be removed therefrom without permission of said Jenckes Knitting Machine Company in writing first obtained, and hereby agree to pay said Jenckes Knitting Machine Company as follows: Six hundred fifty-four & $^{40}/_{100}$ dollars ($654.40) in cash on June 28th, 1910, and three notes, all dated May 28th, 1910, payable at R. I. Hospital Trust Co., Providence, R. I., with interest at 6%, as follows: two due 3 & 6 months for four hundred thirty-six & $^{25}/_{100}$ dollars ($436.25) each and one due 9 months for four hundred thirty-six & $^{30}/_{100}$ dollars ($436.30) for the use and rental of said machines until the sum so paid for use and rental as aforesaid shall equal said sum of nineteen hundred sixty-three and $^{20}/_{100}$ dollars ($1,963.20) and to keep said machines insured to the full amount of nineteen hundred sixty-three & $^{20}/_{100}$ dollars ($1,963.20) and to deliver the insurance policy to said Jenckes Knitting Machine Company, and to keep said machines in good repair during the continuance of this lease, and that if we fail to pay said rent as above stipulated, or if we remove said machines from one place to another without written permission of said Jenckes Knitting Machine Company first obtained or sell or suffer said machines to be attached, mortgaged, damaged or injured or fail to keep said machines insured to the full value of nineteen hundred sixty-three dollars & $^{20}/_{100}$ ($1,963.20), we hereby forfeit all right to said machines and to the further use and possession of the same, and to all moneys paid by us hereunder.

And further agree and consent that said Jenckes Knitting Machine Company, its agents and servants, may at any and all times enter upon any premises or into any building or room occupied by us or any tenant under us and view and examine said machines and to remove the same without notice or demand for any violation of this agreement, and without being deemed guilty of any trespass or wrong; and in case of such removal, said Jenckes Knitting Machine Company may sell and appropriate said machines as it may see fit, and in case it sells and appropriates such machines it may apply the proceeds, after the payment of all costs and expenses of recovery including the expense of shipping said machines back to said Jenckes Knitting Machine Company at said Pawtucket, and all costs of keeping and selling said machines to the payment of any moneys or rent due said Jenckes Knitting Machine Company under this lease, and in case such net proceeds are not sufficient to pay said Jenckes Knitting Machine Company all rents or money due hereunder, we remain liable for such balance or sums still remaining due, and hereby promise and agree to pay such balance to the said Jenckes Knitting Machine Company.

And it is expressly understood and agreed that the title to said machines shall be and remain in said Jenckes Knitting Machine Company, until the full sum aforesaid shall be paid; and that upon such payment in full, together with all the expenses, said Jenckes Knitting Machine Company will thereupon release all title and ownership in said machine to the Gehris-Herbine Co.

In witness whereof said parties lessor and lessee, have hereunto set their hands and seals at Reading this 17th day of June A. D. 1910.

Jenckes Knitting Machine Co., J. W. Baker, Secy., Lessor.

The Gehris-Herbine Co., Inc., L. Howard Gehris, Treasurer, Lessee.

Witness:

A. T. Burns.

R. J. Morningstar.

The notes were antedated, to correspond with the dates of shipment. The machines were then set up, and went into operation. Nothing was paid either of the first installment or on the notes, and the bankrupt did not keep the machines insured. Hearing that

the bankrupt was in failing circumstances, the claimant notified the bankrupt in August to. stop using the machines, and this notice seems to have been complied with. The claimant's agent also demanded either money, the return of the machines, or the signing of some paper showing to whom the machines belonged, and obtained the following declaration:

Articles of agreement made and concluded this 22d day of August, 1910, be- tween the Jenckes Knitting Machine Company of Rhode Island, hereinafter called the lessor, and the Gehris-Herbine Company of Reading, Pennsylvania, hereinafter called the lessee:

Whereas by lease dated June 17, 1910, the lessor leased to the lessee twelve (12) Invincible Automatic Knitting Machines Nos. 7519, 7520, 7521, 7522, 7523, 7524, 7525, 7526,. 7527, 7528, 7114, 7115, and by lease dated June 29th, 1910, eight (8) Invincible Automatic Knitting Machines Nos. 7529, 7530, 7531, 7532, 7533, 7534, 7535, 7536, according to the terms and conditions contained in said leases, it being expressly understood and agreed therein that the title to said machines should be and remain in the lessor.

And whereas the lessee is in failing circumstances and may shortly become insolvent or bankrupt, or be obliged to make an assignment for the benefit of creditors, and the said twenty (20) knitting machines are now on the prem- ises occupied by the lessee:

Now in consideration of the premises and of other mutually valuable con- siderations it is hereby agreed between the lessor and the lessee that the said twenty (20) machines shall remain temporarily in storage on the said premises as the property of the lessor, subject to the right of removal there- by at any time without notice, without payment of storage or any other charge whatever by the lessor; and it is expressly understood and agreed between the parties hereto that the lessor shall retain all its rights under said leases of June 17th, 1910, and June 29th, 1910, and shall waive no rights there- under whatever on account of this agreement.

In witness whereof we have hereunto set our hands and seals this 22d day of August, 1910.                    The Gehris-Herbine Co., Inc.   [Seal.]
                                    L. Howard Gehris, Treasurer   [Seal.]
Signed, sealed and delivered in the presence of:
    R. J. Morningstar, Witness.

This being the situation, a petition in bankruptcy was filed on Sep- tember 2d, and adjudication followed three weeks later. A trustee was afterwards elected and took possession of the machines. In November the claimant filed the petition now before the court.

Upon these facts the referee decided the transaction to be a con- ditional sale, and refused the petition to reclaim. I agree with this conclusion. If the claimant had really hired its machines to the bankrupt, it would not have transferred its ownership; but it chose to sell, attempting to retain the title as security, and it makes no difference therefore (except as the language used may throw some light on the real intention of the parties) that in some of its terms the transaction may bear the prima facie aspect of a bailment. In truth, however, it was in my opinion a sale with a condition as to title annexed; and, if this construction be correct, the controversy is at an end, for the Pennsylvania law refuses to enforce such a condition against execution creditors. The numerous cases in this state are concerned mainly with the effort to decide what the parties really intended. As soon as this intention is discovered, one con- clusion or the other inevitably follows.

The order of the referee is affirmed.