## In re OSBORN.

## PURCELL SAFE CO. v. PARKER.

### (Circuit Court of Appeals, Ninth Circuit. May 20, 1912.)

### No. 2,055.

1. SALES (§ 450*)—CONDITIONAL SALES—CONTRACTS—REQUISITES.

A conditional sale contract is subject to the general rules governing other contracts; and an offer to sell or buy and acceptance of the offer is necessary.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1321; Dec. Dig. § 450.*]

2. BANKRUPTCY (§ 140*)—CONDITIONAL SALE CONTRACTS—VALIDITY.

Under Ballinger's Ann Codes & St. Wash. § 4585, which makes a conditional sale absolute as to creditors, etc., unless a memorandum thereof signed by the parties is filed, a memorandum of sale is insufficient to reserve title in the seller as against the buyer's trustee in bankruptcy where it was not signed by the seller; extraneous evidence not being admissible to show that the seller accepted the order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 221, 225; Dec. Dig. § 140.*

What constitutes a contract of conditional sale, see note to Dunlap v. Mercer, 86 C. C. A. 448.]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

In the matter of S. C. Osborn, doing business as S. C. Osborn & Co., bankrupt. From a judgment confirming an order of the referee denying a petition of the Purcell Safe Company, it appeals adversely to Nelson W. Parker, trustee. Affirmed.

S. C. Osborn, doing business as S. C. Osborn & Co., at Seattle, Wash., was adjudicated a bankrupt and Nelson W. Parker, the appellee, was duly appointed trustee of the bankrupt estate by decree of the District Court entered December 28, 1910. The trustee duly qualified as such, and took possession of the bankrupt estate, including a group of 1,020 safe deposit boxes which the appellant built for the bankrupt and installed at the latter's place of business on and prior to February 16, 1910.

The appellant on May 6, 1911, presented to Hon. John P. Hoyt, referee in bankruptcy, to whom the case had been referred by the District Court, a petition, alleging (among other things) that the deposit boxes had been sold and delivered by the petitioner to the bankrupt pursuant to a conditional sale contract, in writing, entered into between the petitioner and S. C. Osborn, doing business as S. C. Osborn & Co., on the 16th day of February, 1910; that the agreed price for the boxes was $5,174, of which $2,000 was paid in cash at the date of the sale; that the balance was to be paid in 12 months from the said date, with interest at 7 per cent. per annum, and was evidenced by the promissory note of S. C. Osborn, doing business as S. C. Osborn & Co., made and delivered simultaneously with the making of the conditional contract; that in the contract it was agreed, among other things, that the said Purcell Safe Company did not part with or relinquish its title to the said personal property until the note should be fully paid, and that, in default of payment of the note, the Purcell Company might take possession of and remove said personal property; that the contract was duly filed in the office of the auditor of King county, Wash., on the 21st day of February, 1910; that on the 16th day of February, 1911, the sum of $3,174 and interest since February 16, 1910, at the rate of 7 per cent. per annum became due and payable to said Purcell Safe Company from S. C.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

196 F.—17

Osborn & Co. by virtue of the terms of the contract; that said sum and interest had not been paid nor any part thereof, except the interest thereon to August 16, 1910, and that, by reason of the default in said payment, the Purcell Safe Company became and was entitled to the immediate possession of said personal property. The petition further alleged a demand upon S. C. Osborn, doing business as S. C. Osborn & Co., and upon the trustee, for the possession of the property and their refusal to deliver the property without the order of the court. The petitioner prayed for an order directed to the trustee to forthwith deliver possession of the said personal property to the Purcell Safe Company. The trustee by his answer to the petition put forth, petitioner on proof as to all matters and things in the petition set forth, and in particular denied that the petitioner had any conditional sale contract whereby the title to the property was reserved in the petitioner.

It appears from the evidence taken in support of the petition that the instrument in controversy, introduced in evidence, was on the printed form of an order which being filled out in writing was directed to the Purcell Safe Company, and was signed by S. C. Osborn Company and S. C. Osborn; that below these signatures was a single cross rule or line in the printed form, extending across the paper 7¼ inches; that below this cross rule or line was the following printed notice: "Salesmen are not allowed to collect for us. Any payments made to them will be at your risk." Below this notice was the printed name of the "Purcell Safe Co." There was evidence that this order was filled out in writing by an agent of the Purcell Safe Company, that it was signed in writing by S. C. Osborn in the presence of the agent, and delivered by him to the Purcell Safe Company in the ordinary course of business, and that in pursuance thereof the property described therein was delivered to S. C. Osborn, and thereafter and within the time provided by law the instrument was duly recorded in the auditor's office of the proper county. From these facts the referee was of the opinion that the contract was not signed by the petitioner as required by the laws of the state of Washington, and that the sale of the property mentioned in the contract to the bankrupt was an absolute and unconditional sale. Upon this finding of fact the referee ordered and adjudged that the petition of the Purcell Safe Company for the return of the property should be denied, and that the claim of the petitioner upon the promissory note for $3,174 and interest, amounting to $3,255.46, should be allowed as a general unsecured claim.

Upon a petition for a review of this order by the District Court the decree and order of the referee was confirmed.

The question at issue is brought to this court by appeal.

Hughes, McMicken, Dovell & Ramsey, and Otto B. Rupp, all of Seattle, Wash., for appellant.

Walter A. McClure, Henry F. McClure, and Wm. E. McClure, all of Seattle, Wash., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). [1, 2] The only question in this case is whether the order signed by the bankrupt on February 16, 1910, and by him delivered to the Purcell Safe Company and thereafter recorded in the office of the auditor of King county, Wash., was a valid conditional sale contract under the laws of the state of Washington. The statutes of that state (Ballinger's Ann. Codes & St.) relating to conditional sales of personal property provide as follows:

"Sec. 4585: Contracts to be Filed, When:

"All conditional sales of personal property or leases thereof containing a conditional right to purchase where the property is placed in the possession of the vendee shall be absolute as to all creditors, or purchasers in good faith, unless within ten days of the taking of possession by the vendee a

memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county where, at the date of the vendee's taking possession of the property, the vendee resides."

It is objected to the order in question that it is not in accordance with the requirements of the statute, and is therefore not the evidence of a conditional sale. A memorandum of a conditional sale is subject to the general rules respecting the formation of other contracts. Among other things, there must be a mutuality of assent; that is to say, there must be an offer of purchase or sale on the one part and an acceptance of the terms of the purchase or sale on the other part, and where the statute requires the terms and conditions of the sale to appear in the memorandum, and such memorandum signed by the vendor and vendee, it follows that the signatures of the parties to the memorandum must be so affixed that it will clearly appear that both parties have accepted the terms and conditions of the contract. In this respect the instrument before the court is fatally defective. It is, in form, an order in writing directed to the Purcell Safe Company, the vendor, signed in writing by S. C. Osborn Company and S. C. Osborn, the vendee, requesting the delivery to the S. C. Osborn & Co. of "one group of 1,020 safe deposit boxes." Below the written signatures of S. C. Osborn Company and S. C. Osborn in the printed form upon which the order is written is a single cross-line, indicating that the preceding matter had come to an end, and that what follows is a different subject, and so in fact it appears to be. What follows is a notice that, "Salesmen are not allowed to collect for us," and the further notice that, "Any payments made to them will be at your risk." Under these two notices is the printed name of "Purcell Safe Co.," the vendor. Without stopping to consider the objection that this printed name is not the "signed name" of the vendor, we think it is otherwise insufficient as evidence of a conditional sale contract. Neither of these notices to which this printed name is appended refers to the previous order of the vendee, and neither expresses the assent or the acceptance by the Purcell Safe Company of the offer contained in the order of S. C. Osborn & Co. for the delivery of the safe deposit boxes. There is no evidence on the face of the instrument of an intent or purpose on the part of the vendor to accept the terms proposed by the vendee, and the order itself does not show that the vendor had accepted or agreed to the terms and conditions of the proposal. The so-called agreement was by its terms and conditions absolutely unilateral, and extraneous evidence was not admissible to show that the terms and conditions of the proposal were accepted by the vendor. Such acceptance was one of the terms and conditions required by the statute to appear upon the face of the instrument.

The petition and adjudication in bankruptcy in this case were filed in December, 1910. As far as the bankruptcy act is concerned, the right of the trustee to the property in question is therefore governed by the amended act (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [U. S. Comp. St. Supp. 1911, p. 1500]), amending section 47a

(2) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]). That amendment provides:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

Giving effect to the provisions of the bankruptcy act and the statute of the state of Washington, the court must hold that the sale made by the petitioner, Purcell Safe Company, to the bankrupt, S. C. Osborn & Co., and S. C. Osborn, of the property described in the contract, was an absolute and unconditional sale.

The decree of the court below is affirmed.