### In re COVINGTON LUMBER CO.

(District Court, W. D. Washington, N. D. October 22, 1914.)

No. 5293.

SALES ☞462—CONDITIONAL SALES—PRIORITY—"SIGN."

    Rem. & Bal. Code Wash. § 3670, declares that all conditional sales of personal property, where the vendee is given possession, shall be absolute as to purchasers, incumbrancers, and subsequent creditors in good faith, unless within 10 days after taking possession a memorandum of the sale, stating its terms and conditions, and signed by the vendor and vendee, shall be filed in the auditor's office of the county of the vendee's residence. An instrument showing a conditional sale was filed and entered with the county auditor of the county of the vendee's residence and indexed under appropriate heads, showing the time of filing, name of vendor, name of vendee, date of the instrument, and the amount of the purchase price. The instrument, however, contained only the vendor's printed name, though it was signed as accepted by the vendor's salesman. *Held* that, as the delivery of the goods by the vendor was an acceptance, and as it is immaterial whether the signature be printed or not, the word "sign" meaning to attach a name or cause it to be attached to a writing by any of the known methods of impressing a name on paper, the vendor could, upon the vendee's nonperformance, retake the property.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1350; Dec. Dig. ☞462.

    For other definitions, see Words and Phrases, First and Second Series, Sign.]

In Bankruptcy. In the matter of the bankruptcy of the Covington Lumber Company. On petition by the trustee for review of an order of the referee directing the delivery of property, conditionally sold to the bankrupt by the Stetson-Ross Machine Works, to the seller. Order of the referee affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Reynolds, Ballinger & Hutson, of Seattle, Wash., for petitioner.
McClure & McClure, of Seattle, Wash., for trustee.

NETERER, District Judge. On May 21, 1913, the bankrupt purchased from the Stetson-Ross Machine Works the following personal property:

One 6x15" Six, with double profile.
    4 profile yokes set up.
    2 sets Philbrick side heads.
    Jointing attachments.
    One set of knives.
One Stetson-Ross side head and profile grinder with hard knife attachment

—under a conditional sale contract, for which it agreed to pay, within six months after the date of shipment, $2,600—one-quarter cash, and the balance in two, four, and six months after delivery. It was agreed that title should remain in the consignor until fully paid for in cash, with the usual conditions of such sale contract. This was signed:

"Covington Lumber Company, By E. W. Breiter, Pres.
"Accepted by A. Chandler, Salesman for Stetson-Ross Machine Works.
"Subject to approval at main office, Seattle, Wash.
"Received and accepted.
"Stetson-Ross Machine Works, by ————."

Thereafter, on July 1, 1913, the property was delivered to the Covington Lumber Company, and on the 8th of July, 1913, the contract was by Stetson-Ross Machine Works duly filed in the office of the county auditor of King county, being the county in which the personal property therein described was and is located, and the place in which the principal place of business of Covington Lumber Company is situated. The first and second payments, in accordance with the said contract of purchase, have been made. The Stetson-Ross Machine Works has tendered for cancellation the evidence of indebtedness of the third and fourth payments, default in the payment of which has been made, and has asked a return of the said property. The referee directed that the personal property be delivered into the possession of the petitioner. Petition for review has been filed by the trustee.

It is contended by the trustee that the conditional sale contract was not signed by the vendor; that the printed name upon the contract is not "signed" pursuant to the provisions of the laws of Washington, and hence is without effect. Section 3670, Rem. & Bal. Code of Washington, provides:

"All conditional sales of personal property * * * containing a conditional right to purchase where the property is placed in the possession of the vendee, shall be absolute as to the purchasers, incumbrancers and subsequent creditors in good faith, unless within ten days after taking possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county wherein, at the date of the vendee's taking possession of the property, the vendee resides."

It does not appear that there are any subsequent creditors. It was admitted before the bar that this instrument was filed for record by

Stetson-Ross Machinery Company with the county auditor of King county, and entered in the proper record, and indexed as provided by law, under appropriate heads, giving the—

"Time of filing;" "name of vendor;" "name of vendee;" "date of instrument;" "amount of purchase price."

The delivery of the goods by the vendor was an acceptance of the contract, and the filing for record of such contract, subscribed by the salesman for the vendor, with the vendor's name printed thereon, conveys the presumption that the vendor adopted such printed name as its signature for the purposes of the statute; and, nothing appearing to overcome this presumption, the provisions of, this statute must be held to have been fully complied with. Signatures adopted by persons are sufficient to give validity to instruments, and it is immaterial whether the signature be printed or not, if it is adopted and recognized as the signature of the party. 36 Cyc. 448.

"To 'sign' means to attach a name or cause it to be attached to a writing by any of the known methods of impressing the name on paper, with the intention of signing it; and where the name of the prosecuting attorney appeared in print on an indictment, it is a sufficient compliance with Rev. Stat. 1881, § 1669, requiring an indictment to be 'signed by the prosecuting attorney.'" 7 Words and Phrases, p. 6512.

I think the decision of the referee should be affirmed. An order may be presented.