### In re FRANKEL.

(District Court, W. D. Washington, N. D.   July 17, 1915.)

#### No. 5417.

BANKRUPTCY ☞140—CONDITIONAL SALE—CONTRACTS—VALIDITY.

> Under Rem. & Bal. Code Wash. § 3670, making a conditional sale absolute as to incumbrancers and subsequent purchasers, unless a memorandum stating the terms of sale and signed by the parties shall be filed, a memorandum of sale, containing the printed name of the seller, but unaccompanied by anything indicating the adoption of the name as the signa-

ture of the seller, is insufficient to reserve title in the seller, as against the buyer's trustee in bankruptcy, where the buyer was in possession at the time of the adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ☉140.]

In Bankruptcy. In the matter of Joseph N. Frankel, bankrupt. Petition by trustee in bankruptcy to review order of referee directing the delivery by the trustee of property to a seller of the bankrupt on failure to pay the price due. Decision of referee reversed.

Nelson R. Anderson, of Seattle, Wash., for trustee.
L. R. Kerley, of Seattle, Wash., for Toledo Scale Co.

NETERER, District Judge. On the 22d of April, 1914, the Toledo Scale Company delivered to Mrs. Josephine Jilg, one scale, upon the following order:

Order Form for Scales.

City, Seattle. County, King. State, Wash. Toledo Scale Company, Toledo, Ohio. Date, ————, 19—.

Deliver or ship to the undersigned at No.      Stall 51 So. End Market Street, mailing address ———— as soon as possible, one (1) of your style 757 chart scales, gold finish. In consideration the undersigned will pay you Ninety Dollars, $90.00. * * * Cash with order, $10.00; $80.00 in 10 monthly installments, of $8.00 each, and ———— of $———, evidenced by installment note of the undersigned.

These scales will be used in the delicatessen business of the undersigned at the address first above given, and none of same shall be removed therefrom without your previous written consent.

The title to said scales shall remain in you until purchase price or judgment for same is paid in full.

You are authorized to give said note such date and to insert therein such place of payment as you may elect, either prior or after the execution of such note.

The signing and delivering of note shall not be deemed nor considered a payment or waiver of any term, provision, or condition of this contract.

It is expressly agreed that this contract shall not be countermanded, and upon refusal of undersigned to accept any of said scales when tendered, or to make any cash or other payment above provided for, it is agreed that the purchase price of all of said scales, less any previous actual payments thereon, shall at once become due and payable.

Upon failure of undersigned to make any payment provided for herein at the time same is due and payable, or upon any removal of any of said scales or any attempt to remove any thereof contrary to the terms of this agreement, or upon any attempt to sell or transfer possession or ownership of any of said scales, you or your agent may take possession of and remove all of said scales without legal process, and in such case, it is agreed that all payments theretofore made to you hereunder shall be deemed and considered as having been made for use of said scales during the time they remained in possession of the undersigned, and shall be retained by you as such payment.

Should any of the said scales get out of order from ordinary use, any time within two years from the date of shipment, you agree promptly to repair same gratis, the undersigned paying transportation charges to and from your factory or nearest agency capable of making the necessary repairs, or if repairs are desired made where the scale is located, the undersigned will prepay the expenses of the repairman from and to your factory or nearest agency capable of making the necessary repairs. Any repairs made without your previous written consent, or contrary to your instructions, or those of your represent-

atives, will be at the expense and risk of the undersigned. It is agreed that your guaranty does not extend to electric batteries or bulbs.

The undersigned shall hold said scales at his own risk pending the vesting of title in him, and no injury, loss, or destruction of same shall release him from this absolute obligation to pay said purchase price.

This contract covers all agreements between the parties hereto, and all the terms and specifications have been distinctly understood; and you shall not be bound by any representation or promise made by any agent relative to this transaction, which is not embodied herein.

Notice.—No scale placed on trial.          [Signed]   Mrs. Josephine Jilg.
Witnesses: Geo. A. Brodie.
Accepted ————, 191--.
Toledo Scale Company.

It was stipulated that the above memorandum was filed for record in the auditor's office of King county, Wash., within 10 days after the delivery of the scale, and properly indexed as required by the laws of Washington. Thereafter the scale was sold by Josephine Jilg to Joseph N. Frankel, who was thereafter adjudged bankrupt, and the scale delivered into the possession of the trustee, who refused to pay $24, the unpaid balance, or surrender the same to the petitioner. Petition was filed and presented to the referee, praying the return of the scale or the payment of the balance due. The referee directed that the scale be returned upon failure to pay the money due. The matter is now before the court on a petition for review.

It is contended on the part of the trustee that the memorandum set out and relied upon as a conditional sale contract does not conform to the laws of Washington, in that it is not signed by the vendor; while the petitioner contends that the written name appearing upon the memorandum was an adoption by it of the printed name as its signature, and that the filing and recording of the same was conclusive of such fact, and that the law in every respect having been complied with, with relation to indexing, etc., no person was injured, and hence no innocent persons' rights could have been jeopardized, and cites In re Covington Lumber Company, Bankrupt, 225 Fed. 444, decided by this court on October 22, 1914.

This case, I think, is readily distinguished from In re Covington Lumber Company, supra, in this: That in that case the conditional sale memorandum was signed by "A. Chandler, Salesman for the Stetson-Ross Machine Works," while in the memorandum in this case there is no indication anywhere upon the face of the document of any affirmative act on the part of any one for the vendor. Geo. A. Brodie appears to have signed as witness, but nowhere upon the face of the memorandum is there any expression that would indicate any adoption of the printed name as the signature of the vendor. Unless there is something upon the face of the document indicating that some affirmative act was done by some one in behalf of the vendor, the court cannot say that the mere printed name should be held as the signature. As Judge Morrow, in Re Osborn, 196 Fed. 257, at page 259, 116 C. C. A. 59, at page 61, said:

"It is objected to the order in question that it is not in accordance with the requirements of the statute, and is therefore not the evidence of a conditional sale. A memorandum of a conditional sale is subject to the general rules respecting the formation of other contracts. Among other things, there

must be a' mutuality of assent; that is to say, there must be an offer of purchase or sale on the one part and an acceptance of the terms of the purchase or sale on the other part, and where the statute requires the terms and conditions of the sale to appear in the memorandum, and such memorandum signed by the vendor and vendee, it follows that the signatures of the parties to the memorandum must be so affixed that it will clearly appear that both parties have accepted the terms and conditions of the contract. In this respect the instrument before the court is fatally defective. It is, in form, an order in writing, directed to the Purcell Safe Company, the vendor, signed in writing by S. C. Osborn and S. C. Osborn Company, the vendee, requesting the delivery to S. C. Osborn & Co. of 'one group of 1,020 safe deposit boxes.' Below the written signatures of S. C. Osborn Company and S. C. Osborn in the printed form upon which the order is written is a single cross-line, indicating that the preceding matter had come to an end, and that what follows is a different subject, and so in fact it appears to be. What follows is a notice that 'salesmen are not allowed to collect for us,' and the further notice that 'any payments made to them will be at your risk.' Under these two notices is the printed name of 'Purcell Safe Co.,' the vendor. Without stopping to consider the objection that this printed name is not the 'signed name' of the vendor, we think it is otherwise insufficient as evidence of a conditional sale contract. Neither of these notices to which this printed name is appended refers to the previous order of the vendee, and neither expresses the assent or the acceptance by the Purcell Safe Company of the offer contained in the order of S. C. Osborn & Co. for the delivery of the safe deposit boxes."

I think that this memorandum is "on all fours" with the instant case. In this case there is no indication anywhere that the printed name has been adopted as the signature of the vendor, or that the order was accepted. On its face it does not appear to be an enforceable contract; whereas in Re Covington Lumber Company, supra, there is such indication, and, nothing appearing to the contrary, the court held that the statute was substantially complied with in that case. Section 3670 of Remington & Ballinger's Code of Washington provides:

"All conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to the purchasers, encumbrancers and subsequent creditors in good faith, unless within ten days after taking possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides."

The statute not having been complied with, and the scale being in the possession of the bankrupt at the time of the adjudication, the lien given the trustee by the Bankruptcy Act brings the right of the trustee fully within the decisions of the Supreme Court of the state with relation to the right of lien creditors as against the rights of the vendor under such a sale. Pacific Electric & Automobile Co., Bankrupt, 224 Fed. 220, decided by this court June 8, 1915.

I think the decision of the referee should be reversed, and an order entered denying the prayer of the petitioner.