## W. E. HINTON ET ALS. v. D. E. WILLIAMS.

(Filed 17 November, 1915.)

**Vendor and Purchaser—Conditional Sales—Registration—Bankrupt—Court— Trustee—Interpretation of Statutes.**

> By the amendment to the Bankrupt Act enacted by Congress in 1910 the title to the bankrupt's property is vested in his trustee, "with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings," and such trustee coming, therefore, within the provisions of Revisal, sec. 938, conditional sales contracts, reserving title in the vendor, are not good as against such trustee, when the writing has not been recorded until after the title has passed to him. Hence, when the vendor of the bankrupt, reserving title to the property sold, does not have his paper-writing recorded until after the property has passed to the trustee in the bankruptcy proceedings, the purchaser at the sale acquires a good title.

APPEAL by plaintiffs from *Justice, J.,* at January Term, 1915, of PASQUOTANK.

Action for the alleged conversion of certain personal property, *i. e.,* one skidder and two trucks or log cars. C. L. & R. L. Hinton sold and delivered to the Camden Timber Company said skidder, four trucks and some miles of railroad iron, under a written agreement, 21 June, 1912, "to be paid for about one-third cash, balance note, title to remain with vendor till all the note is paid in full." Three hundred dollars was paid in cash. This agreement was not recorded till 30 August, 1913, over fourteen months after date. In accordance with the agreement the Camden Timber Company executed two notes, one for $278.60 and one for $1,000, both dated 15 November, 1912, and due three and six months after date. On 8 July, 1913, the Camden Timber Company filed its petition in bankruptcy, including in its list of creditors holding securities, the following: "C. L. & R. L. Hinton, South Mills, N. C.,

two notes, $278 and $1,000, secured by contract reserving title, for mill equipment and railroad track."

The Timber Company was adjudged a bankrupt and Ehringhaus and Spence were appointed trustees. On 16 August, 1913, these trustees filed a petition asking that they be empowered to sell all the property of the bankrupt, specifying among such property "a locomotive, a lot of rail, two skidding machines and other property." On that date the bankrupt court granted the order of sale, directing the property to be sold on Monday, 1 September, 1913. The agreement between the Timber Company and plaintiff was not recorded till after such order, to wit, on 30 August, 1913. The sales were reported to the court and confirmed 23 September, 1913, and the trustees delivered this property to the purchaser. This action was brought to recover its value of the purchaser.

*Aydlett & Simpson for plaintiffs.*
*Ward & Thompson for defendant.*

CLARK, C. J. The sole question in the case is whether the vendors claiming under an unregistered conditional sale are entitled to recover the property from the purchaser at sale by the bankrupt's trustees. At the close of the testimony the defendant moved for a nonsuit, which was allowed, and the plaintiffs excepted.

The mortgage or conditional sale expressed the intention of the parties that title was to be retained by the Hintons until the purchase price was paid in full. Though the agreement was executed 21 June, 1912, it was not recorded till 30 August, 1913. In the meantime the Camden Timber Company had been adjudged a bankrupt, 8 July, 1913, and on 16 August the trustees in bankruptcy had been directed to sell the property at public sale on Monday, 1 September, 1913. The court adjudged that the purchasers at such sale took the property clear of any lien.

The plaintiffs contended that the mortgage, though unregistered, was good as between the parties and that the trustees in bankruptcy stood in the shoes of the bankrupt, and did not hold as a purchaser for value. In this State and some others it has been held that the failure to record a conditional sale precludes the seller from any lien on the property when it has passed into the hands of the trustee in bankruptcy, on the ground that the contract is void as to creditors until it is recorded, and that therefore the title passes to the trustee in bankruptcy discharged of any lien. *In re Tatum,* 110 Fed., 519; *In re Smith,* 132 Fed., 301; *In re Poore,* 139 Fed., 862.

In 1906 the Supreme Court of the United States, in *Mfg. Co. v. Cassell,* 201 U. S., 304, held that "The trustee in bankruptcy is vested in

no better right or title to the property than the bankrupt had when the trustee's title accrued," and hence that where a conditional sale contract was not recorded before the adjudication in bankruptcy, the vendor's lien, being good as between the parties, was good against the trustees in bankruptcy.

In 1910 Congress, in order, no doubt, to avoid cases of fraud which arose under that decision, amended the Bankrupt Law, sec. 47 (a), clause 2, by adding thereto: "And such trustee, as to all property in the custody, or coming into the custody, of the bankrupt court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon, and also as to all property not in the custody of the bankruptcy court shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied." Chapter 412, sec. 8, Stat. at L., 840; U. S. Comp. Stat. Supp., 1912, p. 1493.

The decisions since the adoption of this statute hold that where the seller of property by conditional sale has failed to record his contract of sale where the State statute renders the contract invalid as to lien creditors or *bona fide* purchasers without registration, he has no remedy as against the trustee in bankruptcy to enforce the lien, but is a mere general creditor with a right to share in the assets of the estate. *In re Lumber Co.,* 197 Fed., 281; *In re Gehris-Herbine Co.,* 188 Fed., 502; *In re Basemore,* 189 Fed., 236; *In re Knitting Mills,* 190 Fed., 871; *In re Nelson,* 191 Fed., 233; *Bank v. Coats* (C. C. A.), 205 Fed., 618; Ann. Cas., 1913, E. 846.

Prior to the above amendment of 1910, under the ruling in *Mfg. Co. v. Cassell, supra,* a trustee in bankruptcy was vested with no better right or title to the bankrupt's property than belonged to the bankrupt at the time when the trustee's title accrued. He stood in the shoes of the bankrupt and had no greater right; and where under the State law, which was binding on the bankruptcy court, a chattel mortgage was valid as between the bankrupt and the mortgagee without registration, but not against the purchasers, mortgagees or creditors, it was good against the trustee in bankruptcy. The amendment of 1910 changed this rule. This has been held in numerous cases in the Federal courts, among them *Bank v. Schade* (C. C. A.), 195 Fed., 188; *In re Osborn* (C. C. A.), 196 Fed., 257; *Milliken v. Bank* (C. C. A.), 206 Fed., 14; *Lumber Co. v. McEldowney* (C. C. A.), 207 Fed., 255.

Under the North Carolina statute unrecorded conditional sale contracts are not good against creditors and purchasers for value. Revisal, 983; *Blalock v. Strain,* 122 N. C., 283; *Clark v. Hill,* 117 N. C., 11.

The amendment of 1910 puts trustees in bankruptcy on the same

basis. *Mfg. Co. v. Arthur* (C. C. A.), 220 Fed., 846; Collier on Bankruptcy (9 Ed.), 658, 662, 999, citing many cases in the notes.

The court below properly held that the plaintiff vendor in an unrecorded conditional contract of sale could not recover the property or its value from the purchaser at such sale, when such conditional sale was not recorded until after the title passed to the trustees in bankruptcy.

The judgment of nonsuit is
Affirmed.