# Richmond.

## THE PEOPLES BANK OF SOUTHAMPTON v. MERCHANTS AND FARMERS BANK.

March 21, 1929.

The opinion states the case.

*Junius W. Pulley*, for the plaintiff in error.

*E. Frank Story*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Southampton county. Upon an agreed statement of facts the case was submitted to the trial court

which rendered a judgment in favor of defendant in error.

The facts in the case may be summarized thus: W. F. Jones was the owner of, and had in his possession twenty-three head of cattle and other personal property. On April 23, 1923, Jones executed a paper which purported to be a reservation of title to secure a note for the principal sum of $600.00 held by R. R. Reese; the alleged reservation of title was duly recorded in the clerk's office of Southampton county on the 17th day of May, 1923. Thereafter Reese assigned the note and all claims under the recorded paper to the Peoples Bank of Courtland, which later became merged into the plaintiff in error. In the year 1925, Jones executed a deed of trust (which was duly recorded), securing a certain note held by the defendant in error; the property covered by the deed of trust included the property covered by the alleged conditional sales contract. In November, 1926, the trustee, under the terms of the deed of trust, exposed the property conveyed to sale at public auction at which sale the property brought the sum of $429.75. By agreement of the parties it is this sum which is the subject of this litigation.

The trial court was of opinion that the alleged lien of the Peoples Bank of Southampton, on account of the alleged reservation of title, is null and void, due to the fact that the title to the property on which a reservation was alleged was never vested in the said Peoples Bank of Southampton, or its predecessor, the Peoples Bank of Courtland, or the assignor, R. R. Reese, and therefore the lien of the Merchants & Farmers Bank, Franklin, Virginia, on the said property

by reason of its deed of trust thereon, is valid and takes priority over the alleged reservation of title.

■ In Words and Phrases, First Series, Vol. 2, page 1409, it is said: "A conditional sale is one in which the seller retains the title as security, so that, upon failure of the purchaser to pay the purchase money, he may replevy the property, and thereby defeat the sale arising out of plaintiff's demand."

While the purported conditional sales contract is not embodied in the record, it is apparent from the agreed statement of facts that Jones and Reese attempted to invoke the aid of section 5189 of the Code. The title of this statute reads as follows: "Reservation of title to, and liens on, goods and chattels sold, to be void as to creditors, and purchasers for value, unless in writing and docketed." The section reads thus:

"Every sale, or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereon, is reserved, until the same be paid for, in whole or in part, or the transfer of title is made to depend on any condition, where possession is delivered to the vendee, shall, in respect to such reservation and condition, be void as to creditors of the vendee who acquire a lien upon the goods and as to purchasers from the vendee, for value, without notice, from such vendee unless sale or contract be evidenced by writing, signed by the vendor and the vendee, setting forth the date thereof, the amount due, when and how payable," etc.

In the enactment of this act it is clearly manifest that it was the intention of the legislature to protect the vendor of goods and chattels, and not the vendee thereof. To reap the benefits of the statute it is essential that it be strictly complied with if the rights

of *bona fide* purchasers from the owner of the property are to be defeated.

Reese, the creditor of Jones, never had title to the property in question; he was in no sense the vendor thereof, and it necessarily follows as a natural consequence he could not as assignor pass a good title to the Peoples Bank.

The Merchants and Farmers Bank had no actual notice of the execution of the paper in question and it had no constructive notice, because it was not such a paper as could be legally recorded so as to put upon notice a *bona fide* purchaser of the property sought to be conveyed.

Whether or not the contract between Jones and Reese is a valid and binding contract is not involved in this litigation. It is contended, however, by counsel for plaintiff in error that this court should declare the paper a mortgage, and enter judgment against the defendant. This contention is without merit.

It is conceded that the paper was not recorded in the miscellaneous lien book, as required by section 3393 of the Code. The recordation of even a mortgage in the conditional sales book, where only conditional sale contracts are required to be recorded, is not constructive notice to a purchaser of goods and chattels from a seller in actual possession of the property.

The contention that the contract between Jones and Reese was in reality a mortgage does not seem to have been made in the trial court. The only question presented to the court was the validity of the paper as a conditional sales contract. In the agreement of facts this language appears: "Whereas, The Peoples

Bank of Courtland, now the Peoples Bank of Southampton is the holder of a certain note and reservation of title purporting to be signed by W. F. Jones   *   *   *."

It is a well settled rule of law that cases are tried in the appellate court upon the record as it comes from the trial court.   The stipulation of the parties that plaintiff in error is the holder of "a certain note and reservation of title" is conclusive of the issue presented by the petition for a writ or error.

The judgment of the trial court will be affirmed.

*Affirmed.*