## 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

MACK INTERNATIONAL MOTOR TRUCK CORPORATION
v. JONES AND COMBS AND OTHERS.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*Robert L. Pennington*, for the appellant.

*E. W. Potts*, for the appellee.

CAMPBELL, J., delivered the opinion of the court.

On June 25, 1923, Jones & Combs, contractors, pur-chased from Mack International Motor Truck Cor-poration a motor truck for use in the building of public highways. The purchase price of the truck was $4,072.25, payable as follows: $100.00 at the time of the signing of the contract of sale, $660.25 at the time of the delivery of the truck, and the balance in six equal instalments, evidenced by negotiable notes due seven, eight, nine, ten, eleven and twelve months from date of delivery. The written contract between the parties purports to be what is known as a conditional sales agreement, and is an attempt to conform to the statute regulating the sale of personal property. This alleged contract was duly recorded in Wise county.

On July 19, 1923, Jones & Combs executed to E. W. Potts, trustee, a deed of trust, conveying, among other things, the truck, in litigation to secure the holders of five notes aggregating the sum of $25,000.00 payable on or before one year after date.

On January 2, 1924, Jones & Combs conveyed to Henry Roberts, trustee, their property in Wise county, Virginia, used in connection with two highway construction projects, namely, S-138 and F-287, including the Mack truck.

Jones & Combs defaulted in the payment of the instalments on the truck, purchased from appellant, and on February 12, 1924, the instant suit was instituted against Jones & Combs, Henry Roberts, trustee, E. W. Potts, trustee, and the Peoples National Bank of Abingdon, Virginia, holders of the notes secured by the deed of trust to Potts, trustee, to enforce the alleged conditional sales agreement, or in case same should be held invalid, declare the trust liens invalid, direct a sale of the truck and marshal the assets of the defunct partnership.

Appellees answered the bill of complaint and in their answer alleged that they were *bona fide* purchasers of the truck for value and without notice of prior liens, and also interposed the defense that the conditional sales agreement was not executed as required by section 5189 of the Code of Virginia. Upon submission of the cause, the circuit court entered a decree adjudging that the lien of E. W. Potts, trustee, for the benefit of the Peoples National Bank, was superior to the lien of appellant, and dismissed the bill of complaint.

It is a conceded fact that the purported conditional sales agreement was not signed by appellant, and though recorded by the clerk, a memorandum appears upon the lien book as follows: "Not signed by vendor,

see letter on file." It is contended, however, that an agreement conforming to the statute was entered into and recorded on September 21, 1923. In the meantime the bank lien had attached.

Section 5189 of the Code (as amended by Acts 1923, section 159) reads in part: "Every sale or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereon, is reserved * * * where possession is delivered to the vendee, shall in respect to such reservation and condition, be void as to creditors of the vendee who acquire a lien upon the goods. and as to purchasers from the vendee, for value, without notice, from such vendee unless such sale or contract be evidenced by writing, signed by the vendor and the vendee. * * * Such writing shall be acknowledged or attested by a subscribing witness as to both the vendor and the vendee."

The evidence is conclusive that the bank did not have actual notice of the contract relied on by appellant. Therefore, the sole question for determination is whether or not the contract was such a contract as could be legally recorded under the terms of the statute so as to constitute constructive notice to *bona fide* purchasers for value without actual notice.

Construing section 2462 of the Code of 1904, Judge Cardwell, in *National Cash Register* v. *Burrow*, 110 Va.: 787, 67 S. E. 370, 371, said: "We do not deem it necessary to set out the statute at length. Suffice it to say, it requires that the registry or docketing of the contract must be done by the clerk 'from the original contract,' and for the contract to be inherently capable of being docketed under the statute it must contain everything which the clerk must have before him to be put on docket, to-wit: (1) Date of contract; (2) amount due thereon; (3) when payable; (4) how pay-

able; (5) a brief description of the goods or chattels; and (6) name of vendor and vendee."

The Code of 1904, was revised in 1919, and section 5189 contains similar language to that contained in section 2462. In the revisors' note to section 5189, it is said: "Attention is called to the requirement of the revised section that the writing itself and not a mere memorandum thereof must be recorded, and that it must be acknowledged or attested by a subscribing witness as to both the vendor and vendee."

In *Peoples Bank of Southampton* v. *Merchants' and Farmers' Bank*, 152 Va. 520, 147 S. E. 220, 221, it is said: "It was the intention of the legislature by the enactment of Code, section 5189, to protect the vendor of goods and chattels and not the vendee thereof. To reap the benefits of the statute it is essential that it be strictly complied with, if the rights of *bona fide* purchasers from the owner of the property are to be defeated.

Appellant having wholly failed in its efforts to comply with the terms of the statute, the holding of the trial court, that the lien of the bank is paramount, is without error.

It is also assigned as error that the court erred in holding the deed of trust to E. W. Potts, trustee, to be valid. This contention of appellant is based on the alleged insufficient description of the property conveyed. We do not deem it necessary to set out the deed of trust at length. The deed describes the truck as owned by Jones & Combs, locates it in Wise county and used in road construction work.

In *Hardaway* v. *Jones*, 100 Va. 485, 41 S. E. 957, 958, Judge Buchanan said: "A mortgage which describes the property as 'one black mule six years old in the mortgagor's possession in White county, Ark.,'

has been held sufficient. Cattle described by their names, as registered in the 'American Short-Horn Herd,' as eighteen head of two-year-old steers of various colors, also one span of heavy dark bay mules, all kept on the premises of the mortgagor, whose residence was stated, has been held sufficient. * * * A mortgage describing the property conveyed as 'one Durm. bull, known as the Grinnall bull—said bull is four years old and weighs about two thousand four hundred pounds,' has been held sufficient when recorded to constitute constructive notice."

In *Williamson* v. *Payne*, 103 Va. 551, 49 S. E. 660, 662, Judge Whittle, dealing at length with the subject under consideration, says: "The written description of personal property in mortgages, taken alone, rarely furnishes strangers adequate means of identifying the property, and information thus imparted must usually be supplemented or aided by extraneous inquiry. * * *

"The rule fairly deducible from the authorities seems to be that 'where there is a description of the property mortgaged, and the description is true, and, by the aid of such description and the surrounding circumstances, the third person would, in the ordinary course of things, know the property was mortgaged, the description should be held sufficient.' *Mills* v. *Kansas Lumber Co.*, 26 Kan. 578."

In *Blair* v. *Rorer's Admr.*, 135 Va. 1, 116 S. E. 767, 777, Judge Burks said: "Written descriptions of property are to be interpreted in the light of the surrounding facts and circumstances well known in the community; descriptions do not identify themselves, and all that is required of a deed is to furnish a means of identification; purchaser and creditors are charge-

able with knowledge of all facts which the means suggested diligently pursued would disclose."

We are of opinion that the property in controversy was sufficiently described in the deed and that the same is valid in all respects. We find no error in the decree of the circuit court, and it must be affirmed.

*Affirmed.*