**In the Matter of Charles Walter ADKINS, Individually and formerly trading as Adkins Sunoco Station, Bankrupt.**

**No. 19977.**

United States District Court
E. D. Virginia,
Norfolk Division.

Sept. 18, 1961.

Michael B. Caprio, Jr., Norfolk, Va., for petitioning creditor.

David R. Levin, Portsmouth, Va., trustee in bankruptcy.

Bertram S. Nusbaum, Norfolk, Va., for the bankrupt.

WALTER E. HOFFMAN, District Judge.

The sole issue in this case is the validity of a purported conditional sales contract, duly recorded in the proper clerk's office, signed by the vendee, but not signed by the vendor although the printed name of the vendor appears at the bottom of the contract, and a party who is apparently the credit manager of the vendor signed her name on a line reserved for a "witness".

Section 55–88 of the Code of Virginia, 1950, dealing with conditional sales contracts, reads, in part, as follows:

"Every sale or contract for the sale of goods and chattels, wherein the title thereto or a lien thereon is reserved until the same be paid for,

in whole or in part, or the transfer of title is made to depend on any condition, when possession is delivered to the vendee, shall, in respect to such reservation and condition, be void as to creditors of the vendee, who acquire a lien upon the goods and as to purchasers from the vendee, for value without notice, unless such sale or contract be evidenced by writing, *signed by the vendor and the vendee.*"

The contract in question is on a printed form at the conclusion of which appears the following:

"In Witness Whereof, the parties hereto have duly executed this agreement.

> Reliable Stores Corporation Trading under the firm style and name as shown on the front hereof.

Witness_____ By_____ (Seal)
_____ _____ (Seal)
_____ _____ (Seal)"

On the line to the right of the word "By", the bankrupt, Charles W. Adkins, affixed his signature. On the line to the right of the word "Witness" and to the left of the word "By" appears the name "Inez B. Augram". While the last named individual is not otherwise described, an assignment to the petitioner, General Electric Credit Corp., was thereafter executed by Crockin Levy Co. (under whose name Reliable Stores Corporation traded) and this assignment was executed by "Inez B. Augram, Credit Manager".

■ The Referee, relying upon Mack International Motor Truck Corporation v. Jones & Combs, 153 Va. 183, 149 S.E. 544, ruled that the purported conditional sales contract was not a document subject to recordation under § 55–88 of the Code of Virginia, 1950, and hence the vendor had no reserve title as against the trustee in bankruptcy. From the authority cited it is clear that there must be strict compliance with the provisions of the statute insofar as the same pertains to the necessity of signing by both the vendor and vendee. People's Bank of Southampton v. Merchants' & Farmers' Bank, 152 Va. 520, 147 S.E. 220.

Counsel presented no further authority on the subject. They apparently overlooked the case of In re Frankel, D.C., 225 F. 129, 131. There, in dealing with a substantially identical Washington statute requiring that the conditional sales contract be "signed by the vendor and the vendee", the contract was signed by the vendee on a printed form bearing the vendor's printed name, Toledo Scale Company. One Geo. A. Brodie signed as a witness, but there did not appear on the face of the document any expression that would indicate the adoption of the printed name as the signature of the vendor. The court said:

> "Unless there is something upon the face of the document indicating that some affirmative act was done by someone in behalf of the vendor, the court cannot say that the mere printed name should be held as the signature."

Presumably Brodie was a representative of Toledo Scale Company. The case is identical with the present situation and distinguishes In re Covington Lumber Company, D.C., 225 F. 444. See, also, In re Osborn, 9 Cir., 196 F. 257, 116 C.C.A. 59.

■ As Virginia has adopted the strict rule of compliance, and as the purported contract contains no expression indicating the adoption of the printed name as the signature of the vendor, the appearance of the name on the line reserved for a witness constitutes nothing more than a witness to the signature of the bankrupt, who obviously signed on the wrong line.

### Order

For reasons stated in a memorandum this day filed, the order of the Referee in Bankruptcy heretofore entered on March 29, 1961, is affirmed, and the petition for review as filed by General Electric Credit Corporation is dismissed.