[No. 2865. · Decided June 14, 1898.]

D. S. JOHNSTON, *Appellant*, v. MARY E. WOOD, *Respondent*.

STATUTES — TITLE — CONDITIONAL SALES — BONA FIDE PURCHASERS.

The subject of an act providing for the recording of conditional sales and leases of personal property in order to prevent their being treated as absolute as to creditors and purchasers in good faith, is sufficiently expressed in the title of the act, entitled "an act in relation to conditional sales and leases of personal property."

Under Laws 1893, p. 253 (Bal. Code,§ 4585), providing that all conditional sales of personal property, where the property is placed in the possession of the vendee, shall be absolute as to all creditors or purchasers in good faith, unless within ten days of the taking possession a memorandum of the sale stating its conditions be filed for record, a purchaser of such property in consideration of a pre-existing debt, is within the class of persons protected by the statute.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Affirmed.

*Stiles & Harvey*, for appellant.

*Ira A. Town*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The appellant entered into a written contract with one W. W. Likens for the purchase of a piano, by the terms of which he was to pay $20 in cash and $10 monthly until the full purchase price was paid, the title and absolute ownership of the piano to remain vested in the appellant during that time. The contract further provided that upon default in the payment of the instalments the appellant should have the right to immediately reclaim the piano and take it into his possession. One payment was made on the piano and many months had elapsed since the others had become due. Said Likens had boarded with the respondent and at the time he left the state he owed her a large board bill. For the purpose of securing her board bill she purchased the piano from Likens for a stipulated sum without notice of the conditional sale above mentioned, the same not having been recorded at the time the purchase was made. When it was discovered that Likens had fled the state, this action of replevin was commenced against the respondent to recover the possession of the piano, and the same was taken from her possession by the sheriff. Respondent in her answer alleged that when this action was commenced she was the owner and in the possession of the piano, admitting its value as alleged by appellant; and further alleged the taking of the piano by the appellant and the sheriff of Pierce county, and that she was damaged thereby not only to the extent of the value of the property but also for its reasonable rental during the time the possession of it was withheld from her. Upon these issues the case was tried by a jury and a verdict rendered in favor of the respondent. Judgment was rendered upon the verdict in due time, and from such judgment this appeal is prosecuted. It may be conceded that the law has settled that

in the absence of statutory enactment the vendor in a personal contract for the sale of personal property, where by the express terms of the agreement the title is to remain in him until the article is fully paid for, has the full and absolute title thereto, not only as between the parties but as against every one else. But the legislature of this state in 1893, no doubt recognizing the fact that injustice was frequently done by the operation of this hidden lien, enacted the following (see p. 253, Laws 1893, Bal. Code, § 4585):

" That all conditional sales of personal property or leases thereof containing a conditional right to purchase where the property is placed in the possession of the vendee shall be absolute as to all creditors, or purchasers in good faith, unless within ten days of the taking of possession by the vendee a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county wherein, at the date of the vendee's taking possession of the property, the vendee resides."

And § 2 (Bal. Code, § 4586) provides in detail for the recording of such instrument. The appellant maintains that this act is unconstitutional and void in that it contravenes art. 2, § 19, of the constitution of the state of Washington, which provides:

. " No bill shall embrace more than one subject, and that shall be expressed in the title."

It is insisted that the subject of this act is not expressed in its title, that the purpose of the act was to provide, and its subject matter provided, for the recording and the failure to record, and that the subject of the recording could not be contemplated from the title; that the title of the act should be sufficiently broad to express the entire scope of the legislation embodied in the act, and that if it falls short of this it is a violation of the constitutional provision and void. We do not think this act, or its title, is obnoxious

to the provision of the constitution quoted. It was said in *Montgomery v. State*, 88 Ala. 141 (7 South. 51), in discussing this question that

" . . . it is permissible to insert those matters which, though they may not be specifically expressed in the title, are proper to the full accomplishment of the object which is expressed, or are naturally suggested by, or connected with, that object."

It seems to us that the recording of the conditional sale might well be suggested from the title of the act, "An act in relation to conditional sales and leases of personal property." The title is not restricted, but it is comprehensive and is sufficient to put any reasonable person upon inquiry. We scarcely see how the title to the bill could have been more explicit without incorporating the bill itself. The rule is well established, as laid down in *People v. Banks*, 67 N. Y. 568, that

" It is not allowable, for the purpose of invalidating a law, to sit in judgment upon its title, to determine with critical acumen whether it might not have been more explicit, and so drawn as more clearly and definitely to indicate the nature of the legislation covered by it. The legislature is not subject to judicial control in respect to the form or mode in which the 'subject' of a bill shall be 'expressed.' If it is expressed, the constitution is satisfied."

If this act were to be held unconstitutional on the grounds alleged, it would be very difficult for the legislature to enact a law which would pass the scrutiny of the courts so far as the title is concerned.

The next contention of the appellant is that the respondent was not within the classes of persons protected by the statute, because she took the piano in payment of a board bill of $200; that the words "purchasers in good faith " have been construed to be those who receive a transfer of property in consideration of something of value passing

between the parties at the time; in other words, that it must be a new consideration, and that a transfer for the purpose of securing the payment of a pre-existing indebtedness does not bring one within the statute. In this case we think that the evidence shows that the respondent did part with something, viz., her lien upon the property of Likens, which she released. But on the main proposition as to whether the words of the statute, "purchasers in good faith," apply to those who purchase in order to secure the payment of a pre-existing debt, the authorities are without doubt conflicting. But we see no good reason for the distinction which is made by some of the cases in this respect, and we think it was not the intention of the legislature to make any such distinction, and that the plain wording of the law is not susceptible of this construction. It was said by this court in *Willamette Casket Co. v. Cross, etc., Co.*, 12 Wash. 190 (40 Pac. 729), in construing this section of the mortgage law, viz.:

"A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchaser, and incumbrances of the property for value and in good faith, unless . . . it is . . . recorded in the same manner as is required by law in conveyance of real property" (Gen. Stat., § 1648; Bal. Code, § 4558),

that the construction contended for by appellant would be doing violence to the language used, the contention being that only such creditors were protected by the provisions of the law as before the time of the recording of the mortgage had acquired some specific lien upon the property. This court further said:

"The statute makes no distinction as to the creditors who are to be protected, and we see no good reason for holding that one class rather than another was intended. One is as much a creditor before his claim has been made a specific lien upon certain property as after, and for that reason

an unsecured creditor is as well described by the language of the section as one who had procured a specific lien as security for his claim. The intention of the legislature was to protect those who should give credit upon the faith of property owned by one to whom it was extended, and to give force to such intention the term ' creditors,' as used in the act, must be held to cover all classes of creditors."

And so we think here that the term " all creditors, or purchasers in good faith," applies without restriction to all purchasers who purchase without notice of the incumbrance, and who give credit upon the faith of property owned by one to whom the credit was extended. Outside of this case, the authorities being divided, as a matter of first impression we feel warranted in giving this construction to the statute.

We think these are the only real questions involved in this appeal. Some of the instructions complained of embrace the propositions which we have just discussed, and we think, so far as the instructions that were asked for by the appellant are concerned, the law which should have been given had already been given by the court, and that no error was committed in the trial of the cause in any respect. The judgment is affirmed.

SCOTT, C. J., and GORDON and REAVIS, JJ., concur.

ANDERS, J., not sitting.