[No. 8667.   Department One.   June 3, 1910.]

AMERICAN MULTIGRAPH SALES COMPANY, *Respondent*, v. JOHN D. JONES, *Appellant*.[1]

SALES—CONDITIONAL SALES—FILING—NECESSITY.   Rem. & Bal. Code, § 3670, providing that all conditional sales of personalty placed in the possession of the vendee shall be absolute as to the purchasers, incumbrancers and subsequent creditors in good faith, unless a memorandum of the sale is filed in the auditor's office within ten days after taking possession, is designed to protect subsequent creditors, and renders a sale absolute if the filing is not made as required, although the memorandum was filed before creditors asserted their claims.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 20, 1909, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action of replevin.   Reversed.

*Frank E. Green*, for appellant.

*Robert F. Booth*, for respondent.

CHADWICK, J.—This case requires no statement of facts. It involves only an answer to the question, is a conditional bill of sale void as against a subsequent creditor in good

[1]Reported in 109 Pac. 108.

faith, if not filed within ten days.    Section 3670, Rem. &
Bal. Code, reads as follows:

"All conditional sales of personal property, or leases there-
of, containing a conditional right to purchase, where the
property is placed in the possession of the vendee, shall be
absolute as to the purchasers, encumbrancers and subse-
quent creditors in good faith, unless within ten days after
taking possession by the vendee, a memorandum of such sale,
stating its terms and conditions and signed by the vendor
and vendee, shall be filed in the auditor's office of the county,
wherein, at the date of the vendee's taking possession of the
property, the vendee resides."

The trial judge held, and directed a verdict, upon the
theory that a conditional bill of sale was not void as against
subsequent creditors if filed before the assertion of their
claims, basing his decision upon *Sayward v. Nunan*, 6 Wash.
87, 32 Pac. 1022, wherein it was said:

"The failure to record the bill of sale within ten days would
only protect such parties as had obtained intervening rights
after its execution and before the time it was filed for record."

That case construed section 1454, 1 Hill's Code, now
§ 5291, Rem. & Bal. Code, wherein it is provided, that no
transfers of personal property shall be valid as to existing
creditors where the property is left in possession of the ven-
dor, unless the bill of sale be recorded within ten days after
such sale is made.    It is evident, and was so held in *Green-
wood v. Corbin*, 48 Wash. 357, 93 Pac. 433, that this sec-
tion has no application where no debts existed at the time of
the sale.    In other words, the bill of sale statute, Rem. & Bal.
Code, § 5291, was designed to protect existing creditors,
while the conditional sale statute is designed to protect sub-
sequent creditors.    As against this class, the sale is made
absolute unless a memorandum has been recorded within ten
days after the vendee takes possession.    The question before
us has been but recently decided.    *Chilberg v. Smith*, 174
Fed. 805.    That part of the opinion which is material to
our present discussion follows:

"Ordinarily, certain instruments, such as deeds and mortgages may be recorded at any time after their execution, and the record will be effective as against all claims attaching subsequently, unless there have been such circumstances and unreasonable delay as to constitute laches, and ordinarily statutes in regard to the registration of such instruments, while requiring that they may be filed within a certain time, are not to be so construed as to render them void as to subsequent lienors with notice if not so recorded. But the statute of Washington, in regard to the registration of conditional sales, declares the policy of the state in regard to agreements, whereby a vendee of personal property so sold is placed in the possession thereof with all the apparent indicia of ownership, and it clearly provides that, unless the instrument be recorded within 10 days from the delivery of the property to the vendee, the sale shall be absolute as to subsequent creditors in good faith. The period of 10 days thus provided is the limit of the time within which the right to continue to hold, as conditional as to all the world the sale of personal property, may be exercised. At the end of that time, it no longer exists, and subsequent creditors are not required to examine the records to ascertain whether the vendor retains the title to the property. The statute was evidently enacted in view of the common-law rule that the title to property passes by delivery of possession, and possession is evidence of ownership, and the intention of the legislature is clearly expressed, that all conditional sales of personalty shall be absolute as to subsequent creditors and lienors unless the provisions of the act are strictly complied with."

The court then proceeds to distinguish the *Sayward* case, saying that it casts no appreciable light upon the question of the construction of the statute which is here involved.

The lower court erred in its judgment, and the cause will be reversed and remanded with directions to resubmit the disputed questions of fact to a jury.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.