[No. 10859. Department One. February 24, 1913.]

ELIZABETH WORLEY, *Respondent*, v. METROPOLITAN MOTOR CAR COMPANY, INCORPORATED, *Appellant*, HORTENSE P. KING, *Defendant*.[1]

SALES—CONDITIONAL SALES — RECORDING — INCUMBRANCES — ANTE-CEDENT DEBT—CHATTEL MORTGAGES—PRIORITY. A mortgagee in a chattel mortgage given to secure an antecedent debt, without notice of the conditional nature of the mortgagor's title, is an incumbrancer in good faith, who has priority over a prior unrecorded conditional bill of sale, within the meaning of Rem. & Bal. Code, § 3670, provid-ing that conditional sales of property placed in the possession of the vendee shall be absolute as to subsequent purchasers, incumbrancers and subsequent creditors in good faith, unless the bill of sale be recorded within ten days.

SAME—RECORDING—WHEN TITLE PASSES—EXECUTION AFTER DELIV-ERY—VALIDITY. Under Rem. & Bal. Code, § 3670, providing that condi-tional sales of property placed in the possession of the vendee shall be absolute as to purchasers, incumbrancers and subsequent creditors in good faith, unless within ten days after taking possession, the bill of sale be recorded, the rights of the vendor can be reserved by a con-ditional bill of sale only when the contract is signed within ten days after possession was given over; and after delivery of possession, a conditional sales contract cannot be antedated and made to answer the purpose of a chattel mortgage.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered August 22, 1912, upon find-ings in favor of the plaintiff, in an action to foreclose a chat-tel mortgage. Affirmed.

*Douglas, Lane & Douglas*, for appellant.

*Palmer & Askren*, for respondent.

[1]Reported in 130 Pac. 107.

Chadwick, J—Plaintiff loaned defendant $800, on the 26th of April, the money to be used as part payment on an automobile to be purchased from the appellant, the Metropolitan Motor Car Company, and to be secured by a mortgage thereon. The car was received by the appellant on the 26th day of May, and was delivered to defendant King on or about June 1st. Some time thereafter—the manager of the appellant company says a few days, the defendant King says sometime after June 28—Mrs. King signed a conditional bill of sale contract. Plaintiff had ordered a chattel mortgage to be prepared. After some delay and one or two trips to the lawyer's office, Mrs. King found the lawyer in and executed the mortgage. The proofs show that the mortgage was prepared in anticipation of her coming, and although dated July 11, was in fact executed and filed for record on August 4. The conditional bill of sale was never filed for record. Appellant took possession of the car in December, and in January plaintiff began this action to foreclose her mortgage. From a decree of foreclosure and order of sale, the Metropolitan Motor Car Company has appealed.

The turning point in this case may be resolved as follows: Is a chattel mortgage, subsequent in time, entitled to priority over an unrecorded conditional sale?

The right to retain title in personal property sold and put in the possession of a vendee is, because of attendant abuses, generally covered by statute. Secret interests were not favored at common law and are not now. Consequently where the right is recognized it is usually provided that some record or publication of the fact be made, so that others who deal with the vendee will not be misled by apparent ownership. Our statute covering conditional sales seems to have been drawn with these principles in mind.

"All conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall

be absolute as to the purchasers, encumbrancers and subsequent creditors in good faith, unless within ten days after taking possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides." Rem. & Bal. Code, § 3670.

It is the contention of the appellant that respondent is not a subsequent creditor in good faith; that the act was designed to protect only subsequent creditors, and then only when acting in good faith; citing *American Multigraph Sales Co. v. Jones*, 58 Wash. 619, 109 Pac. 108.

It also contends that respondent is not a creditor in good faith because she knew that the machine was not in the possession of the defendant at the time the loan was made, and might never be; and further, that the mortgage was taken to secure an antecedent debt without any new consideration, and therefore she is not entitled to the protection accorded *bona fide* purchasers and encumbrancers for value as against prior liens and equities.

Whatever the general rule may be as to priority between creditors, we think this case must be decided by reference to the statute and that alone. The provision that all conditional sales of personal property where the property is placed in the possession of the vendee shall be absolute is equivalent to the expression "shall be void," that is, of no legal force or effect as to purchasers, encumbrancers and subsequent creditors in good faith, unless the requirements of the statute are followed. Appellant seeks to overcome these provisions by reference to the case of *Wittler-Corbin Mach. Co. v. Martin*, 47 Wash. 123, 91 Pac. 629, and the general principles of equity as enunciated in *McDonald & Co. v. Johns*, 62 Wash. 521, 114 Pac. 175, 33 L. R. A. (N. S.) 57. In the first case, the only question was whether the conditional sale contract was sufficient in its terms to put a subsequent purchaser or encumbrancer on notice. The court held that it

was, and that a subsequent mortgagee and purchaser did not take in good faith. The other case held that, as between two mortgages, each given to secure a preexisting debt, the first in time was entitled to priority although recorded subsequently. Neither of these cases has any bearing here for the question is: Is respondent an encumbrancer in good faith within the meaning of the conditional sale statute?

One of the purposes of the statute was to avoid the rules which had theretofore protected latent equities and ownerships, otherwise it would not have provided that the sale should be absolute unless the contract be filed. A purchaser, encumbrancer, or subsequent creditor in good faith is, therefore, one who takes without notice; and if it appear that the contract was not recorded, he is entitled to rely upon the elementary principle of the law that possession indicates title. It is not shown that respondent had notice, either actual or constructive, of appellant's reserved title; consequently she is an encumbrancer in good faith. It was held in *Johnson v. Wood*, 19 Wash. 441, 53 Pac. 707, that a purchaser in consideration of a preexisting debt was a purchaser in good faith and entitled to protection over an unrecorded contract of sale with title reserved. It is true that the court found that the purchaser had waived a lien and this was enough to sustain her title, but the opinion goes further and finds no reason for the distinction which some courts draw between those who purchase in consideration of, or secure a preexisting debt and those who come after. A case in point is *Knowles Loom Works v. Vacher*, 57 N. J. L. 490, 31 Atl. 306, 33 L. R. A. 305, where a similar law was construed by the court, and the distinction between a purchaser "in good faith" and a purchaser "in good faith and for valuable consideration" is noted. The court said:

"This review of the cases shows that while it has been held that under our statutes requiring the subsequent mortgage to be not only in good faith, but also for a valuable consideration, a mortgage to secure an antecedent debt can-

not supplant a prior unrecorded mortgage; and while it has been also held that an assignee under a voluntary assignment cannot set aside a previous mortgage because it is unrecorded, there is no authority for the contention that a subsequent chattel mortgage given for a preexisting debt is not superior to a prior unrecorded mortgage under our legislation, which prescribes that the only condition necessary to confer supremacy shall be that the subsequent encumbrance be taken in good faith. . . . The language of the act of 1889, 'subsequent purchasers and mortgagees in good faith,' is clear. It has no relation to the consideration of the mortgage except as to its honesty. A past consideration in that respect is as good as a present consideration. Such a mortgage is plainly one in 'good faith,' and that puts it within the protection of the statute. The object of the statute is to get rid of secret and latent equities. Public policy, as asserted in the extension of the registry laws, requires that the public record should show the ownership of personal property, and a construction which is favorable to that end should be given to the act. The failure to record tends to make transactions in personal property insecure, and, therefore, the mortgagee, who has created that condition against which the statute is aimed, has no just claim to outrank the creditor who, subsequently, secures his debt. The fact that the mortgage was taken for the benefit of the mortgagee and others does not impair its efficacy, nor assimilate it to the title, which is taken under a voluntary assignment for the benefit of creditors. The mortgagee acquired title for his own benefit, and gave as between him and the mortgagor a valuable consideration for it."

So far we have treated this case as appellant assumes it to be, but it may be seriously questioned whether appellant has in fact a conditional sale contract at all. It is not certain that the contract was signed within ten days after possession was given over to the vendee. If it was not, appellant can claim no rights under its contract. This is the logic of *American Multigraph Sales Co. v. Jones*, 58 Wash. 619, 109 Pac. 108. The contract of conditional sale must be made before or at the time of delivery, for it is in virtue of the statute that title is reserved. After delivery, title is *prima facie*

in the vendee, and a conditional sale contract cannot be thereafter antedated and made to answer the purposes of a chattel mortgage. *Houser & Haines Mfg. Co. v. Hargrove*, 129 Cal. 90, 61 Pac. 660; *Hyer v. Smith*, 48 W. Va. 550, 37 S. E. 632. The statute was passed for the protection of vendors, and not in aid of general creditors, although the creditor attempting to secure himself may have sold the thing covered by the contract. After title has passed by delivering the article, the remedy as against third parties is to secure the debt by chattel mortgage.

Judgment affirmed.

CROW, C. J., PARKER, GOSE, and MOUNT, JJ., concur.