[No. 11248. Department One. July 16, 1913.]

ALICE WOODS, *Appellant*, v. NORMAN D. McIVOR *et al.*, *Respondents*.[1]

SALES—WARRANTY— BREACH— EVIDENCE — SUFFICIENCY. The purchaser cannot recover for breach of warranty of an automobile in that it did not meet representations as to its quality, where both she and the son testified that it was in proper condition when purchased and not materially out of repair when returned.

SALES—CONDITIONAL SALES—RECORDING—BONA FIDE PURCHASER— TITLE. A sale of an automobile cannot be rescinded by the purchaser on the ground that the seller was without title, holding only by a conditional bill of sale, where the conditional bill of sale had not been recorded, since the purchaser was protected by the statute.

Appeal from a judgment of the superior court for Spokane county, Yakey, J., entered December 2, 1912, upon findings in favor of the defendants, in an action for money paid, tried to the court. Affirmed.

*Denton M. Crow*, for appellant.

*Barnes & Dillard*, for respondents.

CHADWICK, J.—On or about the 27th day of May, 1912, plaintiff purchased of the defendant a certain automobile. The court below found, upon conflicting evidence, that the price agreed to be paid was $1,250, of which $750 was paid down. The car was used by plaintiff's son, it having been bought, as plaintiff says, for his use. About the 10th of August following, the son determined to leave the city of Spo-

[1]Reported in 133 Pac. 590.

kane, and negotiations tending to a return of the car were opened up between plaintiff and the defendant. Defendant was uncertain as to whether he would repurchase the car until after he had made some examination of its gears and inner workings. On the second day of September, 1912, the car was stolen and has not since been recovered. Plaintiff brought this action to recover the amount paid, and $109 paid out for repairs and up-keep. She sets up a breach of warranty in that the car did not meet the representations made by the defendant as to its quality, and also claims a right to rescind the contract on the ground that, at the time the car was purchased, it was held by the defendant under a conditional bill of sale, the title being in a third party.

There is some discussion of the pleadings and remedies sought by plaintiff; but we deem it unnecessary to enter upon a technical discussion of these questions, for the reason that plaintiff's proof is entirely insufficient to warrant a judgment in her favor on account of a breach of warranty. She testified that the car was in proper condition at the time she purchased, as did also her son, and she further testified that, so far as she knew, the car was not materially out of repair at the time it was returned to the defendant.

Neither can the plaintiff rescind the contract. The testimony shows that the conditional bill of sale had never been recorded and her purchase from the defendant would have been protected under the statute. *Worley v. Metropolitan Motor Car Co.*, 72 Wash. 243, 130 Pac. 107; *American Multigraph Sales Co. v. Jones*, 58 Wash. 619, 109 Pac. 108.

Finding no error, and being satisfied that the evidence sustains the findings of the court, the judgment is affirmed.

Gose, Mount, and Parker, JJ., concur.