## In re PACIFIC ELECTRIC & AUTOMOBILE CO.

(District Court, W. D. Washington, Northern Division. June 8, 1915.)

No. 5374.

1. COURTS ☞366—FEDERAL COURTS—CONTROLLING STATE DECISIONS.
    The construction placed by the Supreme Court of Washington on Rem. & Bal. Code, Wash., § 3670, as to validity of conditional sales of personal property, will be adopted by the federal court as to cases claimed to be within the section.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. ☞366.]

2. BANKRUPTCY ☞184—TITLE OF TRUSTEE—CONDITIONAL SALE CONTRACTS.
    Under Bankr. Act (Act July 1, 1898, c. 541, 30 Stat. 557) § 47, subd. a, cl. 2, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), providing that the trustee in bankruptcy as to all property

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the custody or coming into the custody of the court shall be deemed vested with all rights, remedies, and powers of a creditor holding a lien, and as to all property not in the custody of the bankruptcy court, with the rights, remedies, and powers of a judgment creditor holding an execution returned unsatisfied, an adjudication in bankruptcy creates a lien in favor of the trustee on all property in the custody, or coming into the custody, of the court, and the status of general creditors is changed, and by operation of law a lien is created in favor of the trustee for them, and the rights of the trustee supersede any rights previously existing under a conditional sale to the bankrupt, a memorandum of which was not recorded as required by state statute to be valid as to purchasers, incumbrancers, and creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. ☞184.]

In Bankruptcy. In the matter of the Pacific Electric & Automobile Company, a corporation, bankrupt. On petition to review order of referee, denying a reclamation petition of the Burrows Adding Machine Company. Affirmed.

Saunders & Nelson, of Seattle, Wash., for petitioner.
E. H. Chavelle, of Seattle, Wash., for trustee.

NETERER, District Judge. On December 9, 1914, the Pacific Electric & Automobile Company was adjudged bankrupt. On April 30th, prior to adjudication, the bankrupt had purchased from the Burrows Adding Machine Company, an adding machine, upon a conditional sale contract, which contract was not signed by the vendor, and not filed for record as provided by Remington & Ballinger's Code of Washington, § 3670, within 10 days after its execution. On April 30, 1915, petition and demand for reclamation of the machine was made by the Burrows Adding Machine Company, and the matter was heard before the referee. The referee denied the right to reclaim, and the decision of the referee is brought here for review.

The petitioner relies upon Malmo v. W. R. & F. Co., 79 Wash. 534, 140 Pac. 569, In re Flatland, 196 Fed. 310, 116 C. C. A. 130, Lundberg v. Kitsap County Bank, 79 Wash. 75, 139 Pac. 769, and Secor v. Close, 145 Pac. 56.

[1] This case must be concluded by the construction placed upon section 3670 of the Washington Code, which provides as follows:

"All conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to the purchasers, incumbrancers and subsequent creditors in good faith, unless within ten days after taking possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides."

Construction placed upon this section by the state court will be adopted by the federal court. York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Holt v. Crucible Steel Co., 224 U. S. 262†; Nauman Co. v. Bradshaw, 193 Fed. 350, 113 C. C. A. 274; Tullis v.

Railway Co., 175 U. S. 348, 20 Sup. Ct. 136, 44 L. Ed. 192. The Circuit Court of Appeals of this circuit, In re Osborn, 196 Fed. 257, at page 259, 116 C. C. A. 59, with relation to a conditional sale contract, under this same statute, said:

"There is no evidence on the face of the instrument of an intent or purpose on the part of the vendor to accept the terms proposed by the vendee, and the order itself does not show that the vendor had accepted or agreed to the terms and conditions of the proposal. The so-called agreement was by its terms and conditions absolutely unilateral, and extraneous evidence was not admissible to show that the terms and conditions of the proposal were accepted by the vendor. Such acceptance was one of the terms and conditions required by the statute to appear upon the face of the instrument.

"The petition and adjudication in bankruptcy in this case were filed in December, 1910. As far as the Bankruptcy Act is concerned, the right of the trustee to the property in question is therefore governed by the amended act (Act June 25, 1910, c. 412, § 8, 36 Stat. 840, amending section 47a (2) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557). That amendment provides: 'And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be * * * vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon.' Giving effect to the provisions of the Bankruptcy Act and the statute of the state of Washington, the court must hold that the sale made by the petitioner, Purcell Safe Company, to the bankrupt, S. C. Osborn & Co., and S. C. Osborn, of the property described in the contract, was an absolute and unconditional sale."

This case was decided after the Washington court had held for nearly a score of years that a chattel mortgage, not executed or recorded as provided by statute, was void as to subsequent creditors (Willamette Casket Co. v. Cross Undertaking Co., 12 Wash. 190, 40 Pac. 729; Mendenhall v. Kratz, 14 Wash. 453, 44 Pac. 872; Hinchman v. Point Defiance Ry. Co., 14 Wash. 361, 44 Pac. 867; Blumauer v. Clock, 24 Wash. 596, 64 Pac. 844, 85 Am. St. Rep. 966; Springer v. Ayer, 50 Wash. 642, 97 Pac. 774; and American Multigraph Sales Co. v. Jones, 58 Wash. 619, 109 Pac. 108), and the federal courts of this district had followed such construction of the state court (Pacific State Bank v. Coats, 205 Fed. 619, 123 C. C. A. 634, Ann. Cas. 1913E, 846). The Willamette Casket Co. v. Cross Undertaking Co., supra, was overruled by the Washington court in Pacific Coast Biscuit Co. v. Perry, 77 Wash. 353, 137 Pac. 483, when it held that only subsequent lien creditors could attack the validity of a chattel mortgage not filed within 10 days, and in Malmo v. W. R. & F. Co., supra, the state court held an unrecorded conditional sale contract good as against a receiver representing subsequent general creditors, citing Pacific Coast Biscuit Co. v. Perry, supra, and Heal v. Evans Creek Coal & Coke Co., 71 Wash. 225, 128 Pac. 211, and this was adhered to in Watson v. First National Bank of Clarkston, 82 Wash. 65, 143 Pac. 451, and Secor v. Close, 145 Pac. 56. Malmo v. W. R. & F. Co., supra, was decided May 8, 1914, by department 2. On November 14, 1914, this same department, in Jennings, Trustee, v. Frank Schwartz, 82 Wash. 209, 144 Pac. 39, had the identical question in issue here before it, and held that the memorandum of sale as set out in this case could not be considered, under the law, as a conditional sale contract, and did not follow Malmo v. W. R. & F. Co., supra, or refer to it, and cited with approval from

Worley v. Metropolitan Motor Car Co., 72 Wash. 243, 130 Pac. 107, as follows:

"Whatever the general rule may be as to priority between creditors, we think this case must be decided by reference to the statute and that alone. The provision that all conditional sales of personal property where the property is placed in the possession of the vendee shall be absolute is equivalent to the expression 'shall be void,' that is, of no legal force or effect as to purchasers, incumbrancers, and subsequent creditors in good faith, unless the requirements of the statute are followed"

—and further cited First National Bank of Everett v. Wilcox, 72 Wash. 473, 130 Pac. 756, 131 Pac. 203, in which, "it was held that a conditional sale contract was absolute as to subsequent creditors, where the memorandum of the contract was not filed in the county of the residence of the vendee as such residence was stated in its articles of incorporation, although filed in the county where the property was delivered, and where the vendee had its mills and manufacturing plant," and at page 217 of 82 Wash., at page 42 of 144 Pac., the court further said:

"Tested by the more strict rule, we are clear that this memorandum was not signed by the vendor within the meaning of the statute. The instrument would appear no different on its face had it been prepared wholly by the vendee without the knowledge or consent of the vendor. Whether it was signed by the vendor or not was thus subject to dispute even as between the parties, and the question could only be determined by an examination into their acts and conduct. The rights of third persons should not be left to depend upon such circumstances; as to them the instrument should be fair upon its face. As this instrument is not thus fair, we hold the sale absolute as to subsequent creditors in good faith."

In the Jennings Case, supra, on August 23, 1912, the respondent made a sale of personal property to the petitioner. The property was delivered on the following day and within 10 days thereafter the vendor of the property caused to be filed in the auditor's office of the county wherein the vendee resided a memorandum of the conditions of the sale. The instrument was signed by the vendee, but was not signed by the vendor. The vendee, after receiving the property, set it up in his manufacturing plant. He thereafter made default in the payments, and the vendor, upon default, entered the plant and took possession of the property. Thereafter the vendee was adjudged bankrupt, and in due course the trustee in bankruptcy brought an action to recover the property. The lower court denied the recovery, which decision was reversed by the Supreme Court, and judgment for the trustee directed.

[2] In view of the confusion of the state decisions and the contention of the respective parties, both relying on state court decisions, we examine the Bankruptcy Act as amended in 1910, and find that section 47, subd. (a), cl. 2, supplementing the duties of the trustee in bankruptcy, provides:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of

a judgment creditor holding an execution duly returned unsatisfied," 36 Stat. L. 840

—and from this we learn that the adjudication in bankruptcy created a lien in favor of the trustee upon all property in the custody, or coming into the custody, of the bankruptcy court. The status of the general creditors by such act was changed, and by operation of law a lien was created and established in favor of the trustee for the general creditors, and superseded any rights theretofore existing in favor of a conditional sale, a memorandum of which was not recorded pursuant to section 3670, supra.	●

I think, under any view of the law, the decision of the referee must be affirmed.