[No. 18223. Department One. December 7, 1923.]

J. BORNSTEIN & SONS, *Respondent*, v. LAURA ALLEN et al., *Appellants*.[1]

SALES (176, 179)—CONDITIONAL SALES—FILING AND RECORDING—EFFECT—EXISTING CREDITORS. Failure to file a conditional sales contract, as required by Rem. Comp. Stat., § 3790, does not affect the rights of the parties, as between themselves, nor creditors existing at the time the conditional sales contract was made.

SAME (176, 179)—CONDITIONAL SALES—FILING AND RECORDING—SUBSEQUENT CREDITORS. The failure to file a conditional sales contract, as required by Rem. Comp. Stat., § 3790, cannot be taken advantage of by subsequent creditors, where, after the appointment of a receiver representing such creditors, the receiver had, under an order of the court, disclaimed any interest in the property and surrendered the same.

SAME (175)—CONDITIONAL SALES—FORM AND CONTENTS OF AGREEMENT—DESCRIPTION. A conditional sales contract of dishes and silverware to a hotel company sufficiently describes the goods, confused with goods in the hotel, where the description was as full as the nature of the property permitted and it could be identified and segregated without difficulty.

ESTOPPEL (21)—EQUITABLE ESTOPPEL—ACTS DONE OR CHANGE OF POSITION. One claiming property in the hands of a receiver under a conditional sales contract is not estopped by failing to file a notice of claim or assert the indebtedness, where nothing was done to alter the situation or work to the disadvantage of others.

SALES (10)—REQUISITES—OFFER OR ORDER—CONSUMMATION OF SALE. A sales order sheet containing a promise to purchase goods, does not show that the sale was made at that time, where it appears that the sale was not consummated until later, when a conditional sales contract was made and the goods billed.

[1]Reported in 220 Pac. 801.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered February 14, 1923, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Affirmed.

*Allen & Griffith,* for appellants.
*Battle, Hulbert, Gates & Helsell,* for respondent.

MACKINTOSH, J.—In this action for conversion, the contention between a chattel mortgagee and a conditional sale vendor arises from this state of facts: The Cascades Hotel Company owned a hotel plant and equipment, and on June 19, 1920, executed a chattel mortgage to the appellants to secure a loan of $6,000. The mortgage included after-acquired property and was recorded on June 23. On June 29 the hotel company borrowed an additional $2,000 from the appellants; the note evidencing this loan was unsecured. On May 6, 1920, the respondent, a dealer in dishes and silverware, took an order from the hotel company for such articles to the value of $719.24; the sale, according to a memorandum contained on the order sheet, was to be for cash. As a matter of fact, this sale was not consummated according to its terms, and on June 30, 1920, the goods described in the order were billed and shipped to the hotel company, and on the same day a conditional sale contract was entered into between the respondent, as vendor, and the hotel company, as vendee, in the usual form. This conditional sale contract was not filed for record in the proper county. Payments were made thereunder until there remained a balance of $257.33.

The hotel company became financially embarrassed, so that in August, 1921, a receiver was appointed for it, and he unsuccessfully operated the hotel for a few months. During this time, the respondent made no

mention of its having a conditional sale contract. It became apparent that it was unwise to have the property operated further by the receiver, and in April, 1922, the appellants obtained leave to foreclose their chattel mortgage; and under proceedings for that purpose, the sheriff took possession of all of the property of the hotel, and a sale was had on May 16, 1922, at which the respondent became the purchaser of all of the property of the hotel company, including the property sold by the respondent to it.

In April, 1922, the superior court in the receivership proceedings entered an order, upon petition of the appellants, directing the receiver to surrender all the property to the appellants, it appearing to the court that the appellants had a mortgage on the entire property and that no equity remained in favor of the receiver. Upon the sale, the appellants took full control and charge of the hotel and subsequently disposed of it for their own benefit, including the property sold by the respondent to the hotel company. Thereafter this action was begun by the respondent, alleging that the appellants had converted certain dishes and cutlery to which the respondent was entitled under the conditional sale contract. The action resulted in a judgment in favor of the respondent in the sum of $300.

The first attack upon the respondent's rights arises from the failure to file the conditional sale contract, under § 3790, Rem. Comp. Stat. [P. C. § 9767]. As between the parties to the contract, the failure to record did not affect its validity, and the appellants, in order to take advantage of its lack of record, must show that they are within one of the classes which the statute protects. The statute does not protect creditors existing at the time the conditional sale was made. *Springer v. Ayer,* 50 Wash. 642, 97 Pac. 774; *American Multigraph Sales Co. v. Jones,* 58 Wash. 619, 109 Pac.

108, and *Sunel v. Riggs*, 93 Wash. 314, 160 Pac. 950. And if the sale was made on June 30, 1920, and the appellants' mortgage was for money lent on June 19, 1920, the appellants can derive no benefit under the statute by reason of the fact that the respondent's conditional sale contract was not placed of record.

It is asserted, however, that there were subsequent creditors who filed their claims with the receiver, and that such creditors had arisen subsequently to the date of the conditional sale contract; and that, therefore, the conditional sale contract became absolute and, as against the receiver, the respondent was not the owner of the goods nor entitled to their possession, and that the appellants' refusal to deliver possession to the respondent did not constitute conversion, for the reason that the respondent must recover on the strength of its own title and on its own right to possession at the time of the alleged conversion.

This argument, however, ignores the fact that the appellants are not holding as representatives of the receiver, and the record shows that the receiver, as representative of any of these subsequent creditors, under the order of the court, had disclaimed any interest in the property, which had been completely surrendered to the appellants, who had recognized no right in the receiver to it and who had made sale of it to third parties. In brief, the appellants asserted full title and ownership which was complete, even eliminating from consideration the release to the appellants of all the receiver's rights. Their entire title came through the foreclosure sale, and they have none of the receiver's rights which, as a matter of fact, amounted to nothing. There is no merit in this first contention and the respondent is entitled to succeed unless something appears in the other contentions of the appellants.

One of these is that the conditional sale contract was void for insufficiency of description of the goods sold and a commingling and confusing of them with other goods in the hotel. An examination of the record shows that the conditional sale contract as fully describes the property sold as is possible by reason of its nature; and on the question of commingling, the record discloses that the property covered by the contract was, as a matter of fact, identified and segregated without difficulty. In any event, the appellants are in no better position to raise this question than was the hotel company, who could not successfully urge it under the facts of this case.

It is next contended that the respondent is estopped to assert its rights under the conditional sale contract for the reason that, during the receivership, although it claimed that the hotel company was indebted to it, it had not intimated that it claimed any rights under a conditional sale and that notice of such claim was not given until May or June, 1922. The answer to this is that there was no obligation upon the respondent to make any such disclosure, and that nothing was done by the respondent which altered the situation of the parties or worked to the disadvantage of the appellants.

The next error claimed is that the sale from the respondent to the hotel company actually took place on May 6, 1920, and that the appellants are subsequent creditors. This argument is based upon the fact that there is in the record a sale order sheet which shows, under date of May 6, 1920, an order and which contains the promise heretofore referred to by the hotel company to purchase the property for cash, and that this sale sheet shows it was registered in the files of the respondent on June 18, 1920, and that there was

memoranda also showing that the property was billed on June 30, 1920, and shipped on the same date, and a credit of $11.55 allowed on July 18, 1920. From this it is argued that this sale order sheet evidenced the actual sale on either May 6 or June 18, which was prior to appellants' mortgage. In our view of the exhibit, it does not bear this construction. It appears that the sale contemplated by the order sheet when it was first made was never consummated, and that a subsequent arrangement was made between the respondent and the hotel company for a conditional sale, which was consummated on June 30, at the time that the conditional sale contract was executed. The memoranda on the sale order sheet showing the time of billing the goods and the delivery, it is apparent were placed there merely for the convenience of the respondent in keeping its office files.

It is next urged that the appellants were entitled to a new trial by reason of the court's rejection of certain testimony, but we find no merit in this contention.

It is finally urged that the amount of the damages was excessive. The respondent was entitled to the actual value of the property converted, and the testimony shows that the amount allowed by the court was well within the testimony as to such value.

We are satisfied that the judgment of the trial court should be, and it is, affirmed.

MAIN, C. J., TOLMAN, and PARKER, JJ., concur.