[No. 23114.   Department Two.   October 16, 1931.]

LEE TIRE & RUBBER COMPANY, *Respondent,* v.
CHARLES F. GAY, *Defendant,* TRANSPORTATION
SECURITIES COMPANY, *Intervener-
Appellant.*[1]

*William H. Pemberton* and *Roy D. Robinson,* for appellant.

MILLARD, J.—On February 7, 1929, Charles F. Gay purchased from the Roesch Motor Car Company a fully equipped motor truck, which was placed in the possession of the vendee. A chattel mortgage, which was assigned to the Transportation Securities Company, to secure the payment of the unpaid portion of the purchase price of the truck, was executed by the vendee and duly placed of record. The mortgage provided that it should cover

[1]Reported in 4 P. (2d) 503.

" . . . additional material, supplies and accessories or substituted parts, if any, whether used upon said chattel or any other equipment of said mortgagor."

On May 13, 1929, the Lee Tire & Rubber Company sold to Mr. Gay, the mortgagor, under a conditional sale contract, four solid pneumatic air center tires, which were placed upon the wheels of the truck. That contract was not placed of record. The court found that, prior and subsequent to the sale of the tires to Gay for use on the truck, the Securities Company was informed of the sale to Gay, but that the Securities Company "was not advised it was a conditional sale, nor did intervener (Securities Company) have knowledge of said conditional sales contract," and that the Securities Company advised the Rubber Company that Gay "was not keeping up his payments on the truck."

On or about September 25, 1929 (which was subsequent to the sale of the tires to Gay), the mortgagor, then in default of the terms of the mortgage, surrendered the truck, as then equipped with the tires purchased from the Rubber Company, to the Securities Company in consideration of the cancellation of the note and mortgage for the unpaid portion of the purchase price of the truck.

In October, 1929, Gay not having paid for the tires pursuant to the terms of the contract, the Lee Tire & Rubber Company instituted an action against Gay for repossession of the tires, in which action the Transportation Securities Company appeared as intervener. The court found that

" . . . the conditional sale contract was never filed of record, but that said intervener is not a bona fide purchaser, pledgee, mortgagee, encumbrancer or subsequent creditor and acquired no right, title or interest in or to said tires,"

and concluded that the Rubber Company was entitled to the return and possession of the tires. Judgment was entered accordingly. The intervener has appealed.

Under the conditional sale contract, the title to the tires was retained by the respondent, the seller, until the whole purchase price was paid. The tires were delivered into the possession of Gay, the buyer. Under the statute, that contract was required to be filed within ten days after the taking of possession by Gay of the tires to render the contract valid as against a bona fide purchaser claiming under Gay.

"That all conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to all bona fide purchasers, pledgees, mortgagees, encumbrancers and subsequent creditors, whether or not such creditors have or claim a lien upon such property, unless within ten days after the taking of possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides." Rem. Comp. Stat., § 3790.

Appellant did not know the tires were sold to Gay on conditional sale contract. If appellant, who accepted the chattel in satisfaction of a pre-existing debt (the cancellation of the note and mortgage covering the unpaid portion of the purchase price of the truck), is a bona fide purchaser, the respondent's noncompliance with the statutory requirement as to the filing of the conditional sale contract invalidates that contract as against the appellant.

Determinative of the question presented in the case at bar is *Johnston v. Wood*, 19 Wash. 441, 53 Pac. 707. In construing the provision of the conditional sale

statute that all conditional sales of personal property shall be considered absolute as to

" . . . all . . . purchasers in good faith, unless within ten days of the taking of possession by the vendee, a memorandum of such sale, . . . shall be filed in the auditor's office . . ."

we held in the case cited that one who takes personal property in payment of an antecedent debt is a purchaser in good faith. We said:

"The next contention of the appellant is that the respondent was not within the classes of persons protected by the statute, because she took the piano in payment of a board bill of $200; that the words 'purchasers in good faith' have been construed to be those who receive a transfer of property in consideration of something of value passing between the parties at the time; in other words, that it must be a new consideration, and that a transfer for the purpose of securing the payment of a pre-existing indebtedness does not bring one within the statute. In this case we think that the evidence shows that the respondent did part with something, viz., her lien upon the property of Likens, which she released. But on the main proposition as to whether the words of the statute, 'purchasers in good faith,' apply to those who purchase in order to secure the payment of a pre-existing debt, the authorities are without doubt conflicting. But we see no good reason for the distinction which is made by some of the cases in this respect, and we think it was not the intention of the legislature to make any such distinction, and that the plain wording of the law is not susceptible of this construction."

We are definitely committed to the rule that one who takes personal property in payment of a pre-existing debt is a purchaser for value. *Long v. McAvoy,* 133 Wash. 472, 233 Pac. 930, 236 Pac. 806, 44 A. L. R. 483.

The appellant, in good faith, accepted the truck with the tires thereon from Gay as payment of the unpaid

portion of the purchase price of that truck, and released its lien upon the property of the mortgagor. The appellant did not have knowledge, nor was it placed upon notice, that any other claim existed to the property. The appellant was a purchaser in good faith.

The judgment is reversed, and the cause remanded with direction to the trial court to enter judgment in favor of the appellant, as prayed in its petition, for the value of the tires, together with interest thereon at six per cent per annum from the date the tires were seized by the respondent under a writ of attachment.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.