[No. 31249.   Department One.   April 21, 1950.]

INEZ SMITH, *Respondent,* v. CAROLINE LARSON *et al.,*
*Appellants.*[1]

*Little, Burgunder & Smith,* for appellants.

*Arthur G. Dunn, Jr.,* for respondent.

[1]Reported in 217 P. (2d) 326.

DONWORTH, J.—This action was brought to recover possession of certain personal property and leasehold interest which had been sold under a conditional sale contract as to which the vendee was in default.

On October 30, 1947, one Victor L. Williams was the operator of the Arlington hotel in Seattle and was owner of the furniture, fixtures and other personal property located therein. He was in possession of the real property where the hotel was being conducted as assignee of a lease from the owner.

On that date Williams entered into a conditional sale contract with Caroline Larson, pursuant to which he agreed to sell to her the name, good-will, lease, furniture and fixtures of the Arlington hotel for $37,500, of which $8,500 was then paid to him by the vendee and the remaining $29,000 was payable in installments of $500 per month (including interest computed upon the unpaid balance at the rate of six per cent per annum). At the same time Williams, by a separate instrument and with the lessor's consent, assigned to Caroline Larson his lessee's interest in the lease covering the hotel building.

Pursuant to this contract, on November 1, 1947, Caroline Larson was given possession of the real and personal property and thereupon began operation of the Arlington hotel.

In January, 1948, Caroline Larson organized a Washington corporation under the name of Larson Hotel Co., Inc., to which she assigned the vendee's interest in the conditional sale contract, as well as the lessee's interest in the lease, in payment of her subscription to a substantial portion of the corporation's stock.

The vendor's interest in the contract was thereafter acquired by O. M. Cass, for whose benefit plaintiff brought this action. Under date of January 21, 1949, Cass caused a written notice to be served upon Caroline Larson and the Larson Hotel Co., Inc., stating that the vendee, under the conditional sale contract, was delinquent in the payment of monthly installments in the amount of $4,375, being the payments accrued between May, 1948, and January, 1949, and

further stating that unless these delinquent installments were paid on or before February 1, 1949, suit would be instituted to forfeit and cancel the conditional sale contract and to recover possession of the personal property located in the Arlington hotel.

This notice not having been complied with, plaintiff (as assignee of Cass) began this action against Caroline Larson, doing business as Arlington Hotel, and Larson Hotel Co., Inc., for the purpose above indicated. At the trial, upon stipulation of the parties, Bryce Little, as liquidating trustee of Larson Hotel Co., Inc.. was made a party defendant to the action.

The material facts were agreed upon by counsel for the parties at the beginning of the trial. The only question submitted to the trial court for decision was whether the assignment of the lease by Victor L. Williams to Caroline Larson, by separate instrument from the conditional sale contract, carried with it title to the lease, or whether the lease was assigned to her conditionally and not as an absolute transfer of the lessee's interest. This was plainly stated to the trial court by appellants' counsel in his opening statement:

"THE COURT: Will you make a statement of the issues I will be obliged to decide? MR. LITTLE: I think the only question to decide this morning is the legal effect of the assignment in writing by Victor L. Williams. If the effect of that separate assignment is what I shall argue to the Court, then we will ask the Court to find that the plaintiff here is entitled to the personal property, but that it does not carry with it the lease, which was originally included in the conditional sale contract. That is the only point I see which is at issue.

"The legal question is whether or not an assignment of the lease is now in the corporation which I represent as liquidating trustee—THE COURT: What is the name of that corporation? MR. LITTLE: The Larson Hotel Co., Inc. If the lease is in it, as I contend it is, the judgment will be one way, and if it is not it will have to be the other way."

In deciding this issue, the learned trial judge said:

"Well, if one man owning a piece of property gives another a deed or a lease, it may or may not give the grantee full

title. Deeds are given for many purposes. Sometimes for security, sometimes in trust, and as between the original parties what the instrument actually conveys depends upon what the agreement between those parties was. Here there was a written agreement, and the fact that the assignment of the lease is dated the same day as this conditional sale contract, and that the conditional sale contract covers the lease, makes me satisfied as between the original parties that the lease and the rights under the lease are subject to the same contingencies as the personal property under the conditional sale contract.

"I would not be bothered at all, and would be ready to decide the case for the plaintiff, if it was a matter between the plaintiff and Caroline Larson."

After this comment, further evidence was introduced as to the relationship between Caroline Larson and Larson Hotel Co., Inc., and at the conclusion of the case the trial court said:

"After the instrument of conveyance to the hotel company was introduced, that removed any question in my mind as to any rights it had as such, because it was not an innocent purchaser without notice, but on the contrary it had full notice, and I am obliged to hold that its title was no better than that of Caroline Larson.

"The question of creditors is a little more difficult, but I believe the answer to that is that they are not before the court in this suit, and on the issues and pleadings as they stand, I will give judgment for the plaintiff."

Findings and conclusions and judgment favorable to the plaintiff were later entered, it being adjudged as follows:

"(1) That the said O. M. Cass, plaintiff's assignee, is entitled to possession of the premises known and described as the Arlington Hotel, 1019—1st Avenue, Seattle, Washington, including the lessee's interest under and according to the terms of the lease entered into by H. T. Kubota, as lessor, and plaintiff's predecessor in title, as lessee, dated May 8, 1945, together with the assignments of leasehold interest and all other personal property, including furniture, furnishings, name and good-will covered by the terms of said conditional sales contract described in the amended complaint on file herein and located in said Arlington Hotel on November 1, 1947.

"(2) That said defendants and additional defendants be and they hereby are directed and required to surrender possession of all of said hotel premises and the leasehold interest of the lessee under and according to the terms of said lease, together with all of the personal property described in said amended complaint and located in said Arlington Hotel on November 1, 1947, to the said O. M. Cass.

"(3) That the right, title, interest and claim of said defendants and additional defendants in and to said leasehold estate and said personal property, if any they acquired, be and the same hereby is forfeited, cancelled and quieted in the said O. M. Cass.

"(4) That any and all payments heretofore made by said defendants under and according to the terms of said contract be and they hereby are decreed to be forfeited as liquidated damages and as rental value for the use of said hotel property and premises.

"(5) That the cross-complaint of said defendants be and the same hereby is dismissed without cost to plaintiff's assignee, O. M. Cass.

"(6) That the plaintiff's assignee, O. M. Cass, have and recover his costs and disbursements herein to be taxed."

From this judgment Larson Hotel Co., Inc., and Bryce Little, as its liquidating trustee, have appealed to this court.

Appellants, in their brief, include four assignments of error, the first two being that the trial court erred in refusing to dismiss the amended complaint upon the plaintiff's failure to submit proof from which the court could determine what articles of personal property were located in the Arlington hotel on the effective date of the conditional sale contract (November 1, 1947), and in entering judgment awarding the personal property to respondent. This contention raises a question as to the sufficiency of the description of the personal property in the conditional sale contract.

■ It is correctly pointed out in respondent's brief that this question was not submitted to the trial court for decision. Ordinarily this court will not consider questions which have not been litigated in the trial court. However, where the question is one involving the sufficiency of the complaint, it may be raised at any time. *State ex rel. Everett Trust & Sav. Bank v. Pacific Waxed Paper Co.*, 22 Wn. (2d)

844, 157 P. (2d) 707, 159 A. L. R. 297. We therefore are called upon to determine the sufficiency of the property description in the conditional sale contract because, if it should be held invalid for the reason suggested by appellants, then the amended complaint could not be held to state facts sufficient to constitute a cause of action.

■ Turning to the merits of this contention, we must examine the description of the personal property contained in the conditional sale contract. In this connection it is to be remembered that, as the trial court correctly pointed out, the Larson Hotel Co., Inc., and its liquidating trustee stand in the shoes of Caroline Larson, who was the original vendee. O. M. Cass (for whose benefit respondent brought this action) stands in the shoes of Victor L. Williams, the original vendor. No rights of creditors, or other third persons, are in any manner involved in this controversy. The only parties concerned with this problem are the respective successors of the original vendor and the original vendee.

The rule applicable to such a situation is stated in 3 Jones, Chattel Mortgages and Conditional Sales, 83, § 981, as follows:

"As between the parties to a conditional sale contract, whether or not the contract is to be filed or recorded as against third persons, minuteness or exactness in the description of the chattels sold is not required. The purpose of having a description, of course, is for identification of the property, and whether a particular description serves this purpose is ordinarily the test of its sufficiency.

"The rule has been reasonably put forth that only those whom recording statutes were designed to protect, such as subsequent purchasers from the vendee without notice, or creditors having liens on the property, can object to an insufficient description of the chattels intended to be sold.

"As between the parties to the contract, the object of describing the property at all is accomplished if the description is sufficiently definite to enable the seller to say with reasonable certainty what property the contract was intended to cover."

Our own cases of *Bornstein & Sons v. Allen,* 127 Wash. 314, 220 Pac. 801, and *Commercial Credit Co. v. National Credit Co.,* 143 Wash. 253, 255 Pac. 104, follow this rule.

■ We hold that, as between the parties to this contract, the personal property described as "name, good-will, lease, furniture and fixtures of Arlington Hotel" is sufficient to enable the parties to know what personal property was intended to be sold. The vendor had been operating the Arlington hotel in Seattle for some time prior to November 1, 1947, and undoubtedly knew what the furniture and fixtures consisted of at that time. The vendee took over the operations of the hotel on that date and undoubtedly knew what she was buying. The intent of the parties was to transfer all furniture and fixtures located in the building at that time. It is not reasonable to assume that the vendee would make a cash payment of $8,500 and agree to pay $29,000 more (with six per cent interest) if she did not know what she was buying.

If appellants had raised this objection in the trial court, respondent would have been afforded an opportunity to offer proof as to the precise articles constituting the furniture and fixtures located in the Arlington hotel on November 1, 1947. Furthermore, if appellants claimed that they, or their predecessor in interest, had actually installed additional furniture and fixtures in the hotel subsequent to that date, which were not covered by the conditional sale contract, it was their duty to present satisfactory evidence of such fact to the trial court. Not having done either of these things, appellant cannot now predicate error upon the trial court's holding that the description of the personal property contained in the conditional sale contract was sufficient as between the parties.

■ The only remaining question that need be noticed is appellants' contention that the title to the leasehold interest in the hotel building had vested in the Larson Hotel Co., Inc., by separate assignment, and therefore may not be awarded respondent upon forfeiture of the conditional sale contract.

In this connection, appellants argue that when Williams transferred to Cass the vendor's interest in the conditional sale contract, Williams did not have title to the leasehold interest because he had previously assigned it, by separate instrument, to Caroline Larson.

In *Merrick v. Neely,* 143 Wash. 588, 255 Pac. 936, a state of facts was presented which is very similar to the present case. Holding that a lessee's interest under these circumstances was subject to a conditional sale contract, it was there said:

"This court has often held, and it is the general rule, that instruments in the form of absolute conveyances of property, executed with all the formality of absolute conveyances, may be shown in equity to be security merely, and has held that a subsequent purchaser with notice takes subject to the condition. On like principles we think it permissible to show by parol that an assignment of a lease, absolute in form, is in fact subject to a lien for the security of a debt."

The trial court correctly held that the assignment of the lessee's interest in the lease, having been executed simultaneously with the conditional sale contract, and having been referred to therein, was, as between the original parties and their successors, subject to the same conditions as the other personal property described in the conditional sale contract.

It seems unreasonable to us to say that a seller of a leasehold and furnishings of a hotel having a value of $37,500 would jeopardise his investment by permitting the vendee of a conditional sale contract to take absolute title to the leasehold interest and thus place it beyond the seller's power, in the event of default, to recapture his entire investment. In other words, the furniture and furnishings would be merely of nominal value without the right to occupy the hotel building and conduct business therein. We have no doubt that it was the intention of the parties when entering into this contract that the leasehold interest should never be separated from the furniture and furnishings. In

the event of a default everything covered by the contract was to be returned to the seller.

Viewing this transaction from a practical business standpoint, we are forced to the conclusion that the parties to the contract contemplated that the leasehold interest should at all times be subject to the conditional sale contract, and that the trial court was right in so holding.

The judgment of the trial court is correct and it is hereby affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and GRADY, JJ., concur.